LAZARUS SILVERMAN

*v.*

JOHN KRISTUFEK.

*Filed at Ottawa June 13, 1896.*

1. DEEDS—*effect of deed of land made to a partnership.* A convey-ance of land to a partnership in the partnership name is insuffi-cient to convey the legal title, and is valid only as a contract to convey, and vests only an equitable title in the partnership.

2. TRUSTS—*effect of deed made to one in trust for a partnership.* The Statute of Uses will not operate upon a title made to a person in trust for a partnership designated by its firm name in the deed, so as to pass the legal title to such firm, but such title remains in the trustee, subject to the firm's right to obtain, through equity, the legal title as the rights of the parties may appear.

3. SAME—*effect where a firm and also individuals are named as benefi-ciaries.* The legal title will not pass to the beneficiaries in a deed, in trust for a firm and certain named individuals, where there is an uncertainty as to the extent and amount of the interests of the *cestuis que usent.*

4. SAME—*effect where part of beneficiaries only are indefinite.* A trus-tee takes and holds the legal estate where several trusts are cre-ated in the same instrument, some of which will be executed by the statute and others will not.

APPEAL from the Superior Court of Cook county; the Hon. W. G. EWING, Judge, presiding.

This is an action of ejectment, begun in the Superior Court of Cook county, on August 18, 1886, and resulting finally in verdict and judgment in favor of appellee, by which judgment appellee recovers of appellant a strip of land 65 feet in length and 15½ inches in width, being a part of lot 38 in block 60 in the school section addition to Chicago. It was shown that appellant was in possession of the strip in question. The appellee established his title by a regular chain of conveyances beginning with a deed, dated December 7, 1835, and executed by the Gov-ernor of Illinois to Walter L. Newberry, conveying to the said Newberry, in pursuance of a purchase by him from the school commissioner of Cook county, said block 60,

being a part of school section 16, township No. 39, north, range 14, east of third principal meridian, granted by the United States to the State of Illinois for the use of the inhabitants of said township for the use of schools.

The next deed in plaintiff's chain of title was a deed from said Newberry to Elijah K. Hubbard conveying said block 60 and other property. It was shown, that the original of this deed was lost or destroyed, and that it was not within the power of the plaintiff to produce the same, and that the record of the same in Cook county was destroyed by the great fire of October 8 and 9, 1871. Thereupon plaintiff introduced in evidence a sworn abstract and certain memoranda or minutes taken from the books of original entry of Jones & Sellers, who carried on the business of making abstracts of title in Chicago prior to said fire, made by them in the ordinary course of their business before said fire.

These minutes showed the following in regard to said last mentioned deed:

| "Walter L. Newberry | H 7 | W. D. |
|---|---|---|
| to | May 22/35 | B. 60, 104, 5 |
| Elijah K. Hubbard. | July 2/35 | and 115, 109, 85 |
| | | being parts of Sec. |
| | | 16, T. 39, 14 E." |

This extract from the minutes, as explained by the testimony, means that Walter L. Newberry executed to Elijah K. Hubbard a warranty deed, dated May 22, 1835, and recorded on July 2, 1835, on page 7 of volume H of the records of Cook county, and conveying block 60 and other blocks in said section 16.

Elijah K. Hubbard died after the delivery of the deed from Newberry to himself, and before executing any conveyance of the property therein conveyed to him. The next conveyance in the plaintiff's chain of title, as shown by the minutes aforesaid, is a deed executed by the executors of the estate of Elijah K. Hubbard, deceased, to Russell H. Nevins, conveying said block 60 and other

blocks, and recorded on September 21, 1841. In connection with this deed by the executors, plaintiff introduced in evidence extracts from said minutes, showing certain proceedings in the probate court of Cook county in the matter of the estate of said Hubbard, whose will was admitted to probate by that court on June 3, 1839, and the following portions of said will and of the inventory of said estate:

"Whereas, there are large amounts of real estate held by me in my name, but in trust for the use and behoof of others, partly so expressed, and partly in my own name solely, I having an interest only in the results or proceeds and not in the land itself, all of which, to-wit, the degree of interest, the designations of property and all circumstances relating thereto are fully set down and appear in my several books, papers and correspondences.

"Now, therefore, I authorize and instruct my said trustees to make such settlement in relation to the same and execute such conveyances as may from time to time be necessary, so that the interest of my estate and the interests of others connected with the property aforesaid, shall not, in case of my death, be jeopardized."

Inventory filed August 19, 1840: "The following lands are held in trust by E. K. Hubbard for Nevins, Townsend & Co., C. F. Moulton, Elijah Hubbard and Henry L. De-Kovan, viz.: Blocks 105, 108, 60, 104, 6, 115, 109, 85, in school section addition to Chicago."

It is not disputed, that whatever title passed to Nevins by reason of the deed to him from the executors or trustees of Hubbard's estate, is now owned by appellee here, the plaintiff below, so far as the strip now in controversy is concerned.

The defendant below, appellant here, introduced no evidence for the purpose of showing title in himself; but introduced a portion of an abstract of title made before the fire, and a sworn copy of a letter-press copy of an abstract of title made before the fire, both of which were

made by other abstract makers than those who made the abstract or minutes introduced by plaintiff. The abstract and copy thus introduced by the defendant showed the following entries, to-wit:

"Walter L. Newberry ..... Deed dated May 22, 1835.
to ..... Consid. $10,000.
Elijah K. Hubbard, in trust, ..... Conveys block 109 aforesaid,
&c. ..... with other property, in trust for Nevins Townsend & Co. and C. T. Moulton, H. L. D. Kovan and Elijah Hubbard. No objects of trust stated.

Certif. of ackgt. by A. Clybourn, J. P., don't state for what State or Co. he is a Justicé.

Recorded July 2, 1835, Book H, pg. 17.

Walter L. Newberry ..... Warranty deed dated May 23,
to ..... 1835, and recorded July 2. 1835,
Elijah K. Hubbard, in trust ..... in Book H, page 17 (New Vol.
for Nevens, Townsend & Co. ..... page 7).
and C. F. Moulton, of the ..... Considn. $1000.00.
city of New York, and H. L. ..... Conveys with other property,
D. Kovan and Elijah Hub- ..... block 60 aforesaid. Certif. of
bard, of Middletown, Conn. ..... ackng't as follows: "This day came W. L. Newberry, who is well known to me to be the person who executed the foregoing, and acknowledges the same to be his free and voluntary act and deed for the purposes therein contained.

"Signed and sealed this 22d day of May, A. D. eighteen hundred and thirty five. ..... A. CLYBOURNE, J. P. [SEAL.]"

Among the instructions given for the plaintiff was the following:

"If the jury believe, from the evidence, that on the 22d of May, 1835, Walter L. Newberry, by warranty deed unaffected by any trust qualifications, conveyed block sixty (60) of the said school section to Elijah K. Hubbard, then by such deed the title to the premises in question passed to Elijah K. Hubbard; and if you further believe that the plaintiff has established his chain of title from the government down to date to the premises in controversy, and that the defendant is in possession of a portion

of the property in question and withholds the same from the plaintiff, then you will find the defendant guilty.".

Among the instructions given for the defendant was the following:

"If the jury believe, from the evidence, that the warranty deed dated May 22, 1835, in which Walter L. Newberry was grantor and Elijah K. Hubbard was grantee, conveyed block 60 in the school section addition to Chicago (within which block lies the land which is in controversy in this suit) to said Hubbard in trust for Nevins, Townsend & Co., and C. T. Moulton, H. L. DeKovan and Elijah Hubbard, (without expressly stating the objects of the trust upon and for which said block 60 was so conveyed and without imposing active duties upon the trustee,) then the court instructs the jury that by force of law, immediately upon the execution and delivery of said warranty deed, all the legal and equitable title to and interest in the property by said deed conveyed passed through and out of the said Elijah K. Hubbard, and became vested in and thereupon belonged to the said Nevins, Townsend & Co. and C. T. Moulton, H. L. DeKovan and Elijah Hubbard, in which event the plaintiff in this case is entitled to recover a verdict at your hands for such interest only in the land involved in this suit as is shown by the evidence to have come (by means of some one or more deeds, or some one or more wills, or by inheritance,) to him, the plaintiff, as successor in interest (in the said land involved in this suit) to said Nevins, Townsend & Co., C. T. Moulton, H. L. DeKovan and Elijah Hubbard, or some one or more of them."

The jury rendered a verdict finding the defendants guilty of unlawfully withholding from the plaintiff the premises in question, and that the plaintiff was entitled to said premises in fee simple, and that the present building situated upon the lot adjoining south of said lot 38 was situated upon and occupied 15½ inches of the south side of said lot 38. Motion for new trial was overruled,

and judgment rendered upon the verdict. The present appeal is prosecuted from such judgment.

QUIGG & BENTLEY, for appellant.

ARNOLD TRIPP, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

The position taken by the appellant in this case is, that block 60, of which the property here in controversy is a part, was conveyed by Walter L. Newberry to Elijah K. Hubbard in trust for Nevins, Townsend & Co., and C. T. Moulton, H. L. DeKovan and Elijah Hubbard; that the deed did not state the objects of the trust; that the trust was merely passive; that the use was executed by the Statute of Uses; that the legal title passed through Elijah K. Hubbard, and vested immediately in the parties for whose use it was conveyed; and that, as plaintiff deraigned his title from Elijah K. Hubbard, and not from the *cestuis que usent*, he is not entitled to recover.

The original deed from Newberry to E. K. Hubbard had been lost or destroyed, and there was no evidence of its contents, except such imperfect memoranda as had been made before its loss or destruction from the original instrument or the record thereof. Such evidence of this kind as the plaintiff produced showed, that the deed as executed by Newberry to E. K. Hubbard was a simple warranty deed, and not a deed containing any provision as to the property being held in trust. Such evidence as the defendant introduced tended to show, that the property was conveyed in trust for certain persons, and that it was not an absolute conveyance without trust qualifications. As both parties, by their instructions whether those instructions were right or wrong, left it to the jury to determine whether the original deed was one without a trust provision as plaintiff claimed, or whether it was a deed with a trust provision as defendant claimed, and as the jury found for the plaintiff upon this issue, there

would seem to be no ground for a reversal of the judgment of the trial court.

Appellant claims, however, that the verdict is against the weight of the evidence. It is contended, that the proof of a conveyance by Newberry to E. K. Hubbard in trust for the persons above named is of a more conclusive character than the proof which supports the opposite theory. Let it be admitted that this contention is well founded, what then?

"Under the Statute of Uses, where an estate is conveyed to one person for the use of another, or upon a trust for another, and nothing more is said, the statute immediately transfers the legal estate to the use, and no trust is created although express words of trust are used." (*Kirkland* v. *Cox,* 94 Ill. 400). "Under the Statute of Uses a feoffment to A for the use of or in trust for B, would pass the legal title to B." (*Witham* v. *Brooner,* 63 Ill. 344). This, however, has reference only to what are called passive or dry trusts. In the case of a merely passive trust the legal estate never vests in the feoffee, but is instantly transferred to the *cestui que use* as soon as the use is declared. (*Kellogg* v. *Hale,* 108 Ill. 164). By a conveyance to A in trust for B the latter takes both the legal and equitable estate, and A takes nothing. (*Roth* v. *Michalis,* 125 Ill. 325). In case of a merely passive trust, the trustee acquires but a momentary seizin to serve the use which the statute executes by transferring the legal estate to the beneficiary named (*O'Melia* v. *Mullarky,* 124 Ill. 506).

But where the trust is an active one, the statute does not execute the use. A conveyance is withdrawn from the operation of the statute where such powers or duties are imposed with the estate upon a donee to uses, that it is necessary for him to continue to hold the legal title in order to perform his duty or execute the power. Special or active trusts are not within the purview of the statute. (*Kirkland* v. *Cox, supra*). Where the trust is of such

a character that the trustee is required to convey the estate, the trust is an active one. (1 Perry on Trusts,— 3d ed.—sec. 305). "If　*　*　* the trust is created for some special purpose, as to convey the estate　*　*　* it is a trust which the statute will not execute, and of course it leaves the legal estate in the trustee." (2 Washburn on Real Prop.—5th ed.—marg. page 163). So, the operation of the statute is excluded, and the trust or use remains a mere equitable estate, if the purpose of the trust is to protect the estate for a given time. (*Kirkland* v. *Cox, supra*). As Lord CHADWICKE said in *Chapman* v. *Blisset*, Forrest, 145: "Where particular things are to be done by the trustees, it is necessary that the estate should remain in them so long at least as those particular purposes required it." (1 Hill, (S. C.) 413).

"In order to bring an estate within the operation of the Statute of Uses, so as to execute the use in respect to the same, there must be a concurrence of three things, first, a person *seized* to a use ; second, a *cestui que use in esse;* and third, a use *in esse* either in possession, reversion or remainder." (2 Washburn on Real Prop. marg. p. 113; *Witham* v. *Brooner, supra;* 27 Am. & Eng. Ency. of Law, p. 911). The third section of our Conveyance act, which is substantially the same as the Statute of Uses of 27 Henry VIII, provides, that "where any person shall stand seized of and in any lands to the use or trust of any other person or persons or of any body politic," etc. (1 Starr & Curtis, p. 569). The *cestui que use* must be a person or body politic—a natural person, or an artificial person, like a corporation. Where the estate is limited to the use of a person not *in esse,* or capable of being ascertained, the statute will have no operation until the *cestui que use* comes into being, or is ascertained. Where there is no determinate person to claim as beneficiary there is wanting an essential element of a trust, and where the trustee must hold the legal title until the beneficiaries are determined, the case is not one where the statute

transfers the legal estate to the use. (2 Washburn on Real Prop.—5th ed.—marg. pp. 115, 116, 163; *Preachers' Aid Society* v. *England*, 106 Ill. 125; *Dean* v. *Long*, 122 id. 447).

An examination of the deed from Newberry to E. K. Hubbard, as its contents are revealed by appellant's testimony, shows that the property was conveyed in trust for "Nevins, Townsend & Co." and others. "Nevins, Townsend & Co." was a firm or partnership. A partnership is not a legal person either natural or artificial. Hence, a conveyance to a partnership in the partnership name is insufficient to convey the legal title, and is valid only as a contract to convey, and vests only an equitable title in the partnership. The title to land cannot be held by a conventional person not recognized as a distinct entity in the law; hence a deed to "Nevins, Townsend & Co." passes nothing at law. In such a deed, there is not only no legal grantee, but certainty in titles is required by public policy. A surname may designate a number of persons. But while a deed to "Nevins, Townsend & Co." would be invalid at law because made to an indefinite grantee, it would give rise to an equity in the members of the firm. If the deed here had been made by Newberry directly to "Nevins, Townsend & Co.," the legal title would still have remained in Newberry, subject to the right of the firm to obtain a conveyance of the legal title to one or more members of the firm, or to all of them, upon establishing by parol testimony the names of such members and their membership in the firm. When the deed was made to E. K. Hubbard in trust for the firm, Hubbard as trustee also held the legal title subject to the same right. (*Tidd* v. *Rines*, 26 Minn. 201; *Kelly* v. *Bourne*, 15 Ore. 476; *Percifull* v. *Platt*, 36 Ark. 256; 1 Bates on Partnership, sec. 296; Parsons on Partnership, —1st ed.—p. 333; 17 Am. & Eng. Ency. of Law, p. 959).

Thus, it is evident that the deed by Newberry to E. K. Hubbard in trust for "Nevins, Townsend & Co." conveyed a legal title to the trustee to be held for the benefit of

indefinite and undetermined grantees, and to be conveyed to them upon their ascertainment by parol proof. The statute did not execute the use, because the legal title did not pass at once from the trustee to the *cestui que use.* After the conveyance to the trustee, there remained an equitable trust cognizable only in a court of equity, and the legal estate remained in him unaffected by the Statute of Uses, and for the accomplishment of a particular purpose.

The proof introduced by the defendant below leaves it uncertain what the interests of Moulton, DeKovan and Elijah Hubbard were intended to be by the grantor, Newberry. It is true, that, as a general rule, where a tenancy in common is established, but no proof is made in regard to the relative interests of the several co-tenants, the presumption of law arises that their shares are equal. (Freeman on Co-tenancy and Partnership,—2d ed.—sec. 105). But if the firm of Nevins, Townsend & Co., and Moulton and DeKovan and Elijah Hubbard are to be regarded as tenants in common, what are their respective interests upon the face of the deeds and independently of outside proof? The second memorandum produced by defendant represents the deed to have been from Newberry to E. K. Hubbard "in trust for Nevins, Townsend & Co., and C. F. Moulton of the city of New York, and H. L. DeKovan and Elijah Hubbard of Middletown, Conn." Does this description of the trust indicate, that the firm was to take one-fourth and each of the others one-fourth of the property? But the first memorandum introduced by defendant represents the deed as saying, that the land was conveyed "in trust for Nevins, Townsend & Co., and C. T. Moulton, H. L. DeKovan and Elijah Hubbard." Does this description of the trust indicate that the firm was to take one-half of the property, and the others the other half thereof?

If the statute could be said to execute the use as to the interests of Moulton and DeKovan and Elijah Hub-

bard, even though the interest of the firm was excluded from the operation of the statute, there yet remains an uncertainty as to the extent and amount of the interests of the *cestuis que usent.* This would seem to require the legal title to remain in the trustee for the purpose of ascertaining the members of the firm and conveying the interest of the firm, and also for the purpose of ascertaining the extent of the firm's interest in the property. If the legal title is required to remain in the trustee for the purpose of ascertaining and conveying the firm's interest, it must remain as well for the purpose of ascertaining and conveying the interests of all.

But we are of the opinion that, here, the statute did not operate instantly, and vest the legal estate in the *cestuis que trustent,* because, "if several trusts are created in the same instrument, some of which would be executed by the statute, and others would require the legal estate to remain in the trustees, they will take the legal estate." (1 Perry on Trusts,—3d ed.—sec. 309).

We think that the decision of the Superior Court of Cook county was correct. The judgment of that court is, accordingly, affirmed.                    *Judgment affirmed.*