MARGARET AGNES URE

*v.*

ROBERT A. URE *et al.*

*Opinion filed April 17, 1900.*

1. TRUSTS—*Statute of Uses does not apply to personal property.* The title to personal property included in a trust devise of both real and personal property is not affected by the Statute of Uses.

2. SAME—*when trust is not executed by the Statute of Uses.* The Statute of Uses does not execute a trust created by a devise of both real and personal property to a trustee, who is to be the executor of the will and whose duty is to "hold and control" the estate, the income of which is to go to the *cestui que trust* for life and the estate, at his death, "to revert to his natural heirs."

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

L. H. JENNINGS, for plaintiff in error.

GILBERT & RIPLEY, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The chancellor entered the decree here appealed from on the theory the trust created by the second clause of the will of Margaret Ure, deceased, was a passive or dry trust, and that the Statute of Uses instantly operated to vest the legal title to the real estate in the *cestui que trust.* Whether such is the true construction of the clause is the only question presented by the record. The clause reads as follows:

"*Second*—After the payment of such funeral expenses and debts, I give, devise and bequeath to my son John Francis Ure all my cows, bulls and calves, except one cow and my horses Rosy, Jessie and Doll, and the remainder of my real and personal estate equally to my two sons, Robert Arnold Ure and John Francis Ure: *Provided, however,* that the portion of my estate that I hereby give, devise and bequeath to my son Robert Arnold Ure

shall be held by a trustee, and said trustee to be the executor of this my will hereinafter named, to hold and control said property for said Robert Arnold Ure in trust, he, the said Robert Arnold Ure, to have the income, only, from said estate to his own use and benefit as long as he may live, and on his death said estate to revert to his natural heirs," etc.

The trust estate, as appears from the will, consisted of both real and personal property. The Statute of Uses has no application to personal property, and the title to that portion of the trust property was not affected by that statute. (27 Am. & Eng. Ency. of Law, p. 111, and cases cited in note 1; 3 Jarman on Wills, p. 51, note 2.) Speaking of the rule of construction adopted in some instances when a trust estate consists in part of property the fee whereof necessarily vests in the trustee, it is said in Jarman on Wills, (vol. 3, p. 85, 5th Am. ed.): "It seems that where a will is so expressed as to leave it doubtful whether the testator intended the trustee to take the fee or not, the circumstance that there is included in the same devise other property which necessarily vests in the trustee for the whole of the testator's interest affords a ground for giving the will the same construction as to the estate in question."

The income of the estate, both personal and real, is bequeathed to said Robert Arnold Ure during his lifetime and the remainder in fee devised to his "natural heirs." The trustee is empowered to "hold and control" the property in trust, etc., and these words measure and fix the duties of the trustee. The word "hold," which was a technical word as employed formerly in the tenendum clause of a deed, has now no technical meaning when used in such instruments. (Bouvier's Law Dic. "Tenendum;" *Wheeler* v. *County of Wayne*, 132 Ill. 599.) Among others, the following definitions of the word "hold" are given by Mr. Webster: "To derive title to; to retain in one's keeping; to be in possession of; to occupy; to maintain

authority over." The word "control" has no legal or technical meaning distinct from that given in its popular acceptation. Webster employs the word "superintendence" as expressive of the meaning of the word "control," and gives the word "control" as one of the synonyms of the word "superintendence." The same lexicographer defines the word "superintendence" as follows: "The act of superintending; care and oversight for the purpose of direction and with authority to direct." The word "manage" is defined to mean "to direct; control; govern; administer; oversee;" (Anderson's Law Dic.;) and the words "control" and "manage" have been held to be synonymous. *Youngworth* v. *Jewell,* 15 Nev. 48.

Power to hold and the duty to control the trust estate involve the custody and possession of the trust property, both real and personal, and such a trust is not merely passive. It is not indispensable to the power and duty of a trustee to rent the trust property and collect the rent thereon, the devise shall in express terms so empower him. It is enough if the intent to invest him with such power can be gathered from the will. (3 Jarman on Wills,—5th Am. ed.—p. 56.) It was manifestly the intention of the maker of the will here under consideration, the executor, as trustee, should enter into and retain possession of the trust estate during the lifetime of the said Robert Arnold Ure, and should diligently devote his energy, judgment and discretion to the management and control of the property, to the end that the greatest possible income should be secured therefrom. The Statute of Uses does not execute a trust of this character. *Meacham* v. *Steele,* 93 Ill. 135; *Kirkland* v. *Cox,* 94 id. 400; *Kellogg* v. *Hale,* 108 id. 164.

The decree must be reversed, and the cause will be remanded for further proceedings in accordance with the views here expressed.          *Reversed and remanded.*