(No. 13195.—Decree affirmed.)
CLARENCE E. GARDNER, Trustee, Appellant, vs. GEORGIA
A. BAXTER et al. Appellees.

*Opinion filed June 16, 1920.*

1. WILLS—*when clause should be disregarded in construing will.*
A clause of a will which is expressly declared by the testator to
be of no effect if the testator's wife should survive him, should be
entirely disregarded in the construction of other clauses of the will
if the wife does survive her husband.

2. SAME—*when fact that devise is in trust does not affect inten-
tion manifest in will.* Where it is manifest that the testator in-
tended to give his wife three-fourths of his estate, the fact that he
did not give her that amount outright but gave her one-half abso-
lutely in fee and devised the other one-half in trust, with directions
to the trustee to give the wife one-half of that half, is no sufficient
reason for giving a meaning to the will different from its language.

3. SAME—*when a trust is not executed by the Statute of Uses.*
Where active duties are imposed upon a trustee to whom property
is devised the trust is not executed by the Statute of Uses, but the
trustee becomes vested with the legal estate for the purposes of the
trust although the duties imposed are merely formal or ministerial
in dividing and conveying the estate.

APPEAL from the Circuit Court of Ogle county; the
Hon. RICHARD S. FARRAND, Judge, presiding.

JOHN E. ERWIN, and W. J. EMERSON, for appellant.

J. C. SEYSTER, for appellee Georgia A. Baxter.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion
of the court:

Delos W. Baxter, of Rochelle, Illinois, died on Septem-
ber 30, 1918, leaving a last will and testament made Janu-
ary 27, 1914, which was admitted to probate in the county
court of Ogle county and letters testamentary were issued
thereon. He left no child or descendant but left surviving
him Georgia A. Baxter, his widow, and Blanche P. Gard-
ner, Bert B. Baxter, Guy A. Baxter, Paul G. Baxter and
Mary Maude Baxter, his brothers and sisters, and Ruth
Baxter Palmer, daughter of a deceased brother, his niece,

his only heirs-at-law and the only legatees and devisees named in the will. By the fifth clause of the will the appellant, Clarence E. Gardner, was appointed trustee, and he filed the bill in this case in the circuit court of Ogle county alleging that said clause, taken in connection with the third clause, was obscure, uncertain and ambiguous, and praying the court to construe the same and determine the rights and interests of the legatees and devisees mentioned therein, for whom he was trustee. The widow, Georgia A. Baxter, the executor, James C. Fesler, and the brothers, sisters and niece above mentioned, were made defendants and are the appellees. Georgia A. Baxter answered the bill, denying that the fifth clause of the will was uncertain or ambiguous and asserting her right to one-half of the property and estate bequeathed and devised thereby. The executor answered, submitting the questions involved for decision, and the other defendants were defaulted.

The first clause of the will provided for the payment of funeral expenses and debts. The second, third, fourth and fifth are as follows:

"*Second*—I give, devise and bequeath unto my wife, Georgia A. Baxter, the dwelling house in which we now reside, together with the furniture, fixtures, ornaments, books, rugs and household goods therein contained, absolutely and in her own right. I am not unmindful of the fact that I have heretofore given all of said property to my wife, but I make this provision so that there can be no controversy as to her ownership thereof.

"*Third*—I give, devise and bequeath unto my said wife, Georgia A. Baxter, an undivided one-half part of all the rest, residue and remainder of my estate, of every kind and character, absolutely and in her own right, in fee simple. This provision is to be taken by her in lieu of her dower and widow's award in my estate.

"*Fourth*—In case my wife does not survive me, then I give and bequeath unto her sisters, Rose C. Hotaling

$15,000, Ella V. Davis $15,000 and Eva M. Cain $15,000, and to her nieces, Winnifred Ambrose and Genevieve Ambrose, each the sum of $7500, to be paid to them, respectively, by my executor in installments of one-third each, in two, three and four years after my death. But this provision is to have no force or effect if my wife survives me, for in that case she can make such provision for her relations as she sees fit.

"*Fifth*—The other undivided one-half of the residue of my estate I give, devise and bequeath unto my brother-in-law, Clarence E. Gardner, in trust, however, for the following uses and purposes, to-wit: To partition and divide the same in equal parts between my wife, Georgia A. Baxter, and himself as trustee, and if in such division he takes any real estate in which I own an undivided interest with other persons, and the same is of such a character as not to be susceptible of division without manifest prejudice, then he is authorized to either purchase from the owner of the outstanding interest or sell to him my interest therein, and he is authorized to sell and convey any part or all of my real estate as he may deem advisable or necessary for the best interest of my estate and of those who take the beneficial interest therein. To convey to my brother Bert B. Baxter and my sister Blanche P. Gardner each a one-sixth part thereof, and to my brothers Guy A. Baxter, Paul G. Baxter, and my sister Mary Maude Baxter, and my niece, Ruth Baxter Palmer, each a one-sixth part thereof for and during the terms of their natural lives, respectively, and at the death of any of them to the descendants, respectively, of any who leave issue; and in case any of them die without issue or descendants of any issue, then the same is to be taken by my brothers and sisters according to the law of descent of this State. If any of the parties participating in my estate under this will find it necessary to resort to legal proceedings to partition my estate the complainant shall pay his own solicitor's fees, and the fee allowed by

the court to complainant's solicitor shall not be apportioned to the defendant or any part of it."

By the sixth and concluding clause the testator appointed James C. Fesler executor, and gave him full and complete power to sell and convey any part of the real estate in order to carry out the terms and provisions of the will, and to make, execute and deliver deeds for any real estate which the testator might have sold by contract when the contract should be fulfilled, and to fulfill any other outstanding contract made by the testator.

When the will was made the testator owned property, real and personal, worth about $125,000, and at the time of his death his property was of the value of between $168,000 and $180,000. The testator had conveyed the property described in the second clause of the will in 1902 to his wife, Georgia A. Baxter, and she owned it when the will was made and at the time of his death. The chancellor found that the will required construction; that by it the widow, Georgia A. Baxter, was vested in fee simple with an undivided one-half of all the residue of the property, real and personal, not disposed of by the first and second clauses of the will, and that the other undivided one-half was vested in the trustee, to divide the same into two equal parts and deliver one-half thereof to Georgia A. Baxter and to deliver and convey the other one-half to the testator's brothers, sisters and his niece, conveying to them the respective estates therein provided in the will. The trustee prosecuted this appeal to reverse the decree, and contends that one-half of the residue of the estate after the payment of funeral expenses and debts and the devise of the homestead property was given to the widow, Georgia A. Baxter, and that the other one-half of such residue was to be divided among the brothers, sisters and niece of the testator.

In the construction of wills it is usually found that each will has its own peculiarities, owing to its phraseology and the varying circumstances under which wills are made,

(*Wallace* v. *Noland,* 246 Ill. 535,) and this will is not an exception to the general rule. The second clause devised nothing but was merely a declaration of the fact that the testator's wife already owned the property. Georgia A. Baxter having survived her husband, the fourth clause by the will itself is declared to have no effect. That clause is also to be stricken out and entirely disregarded in the reading of the will, and this removes manifest and perplexing difficulties in the construction of the fifth clause. Speculations as to what would have been the effect of the fifth clause if the wife had not survived the testator and what his intention would have been in that event would be fruitless and unnecessary. Reading the will with the second and fourth clauses stricken out the intention of the testator is obvious. By the third clause he gave to his wife an undivided one-half part of all of his estate after the payment of funeral expenses and debts, absolutely and in her own right, in fee simple, and declared that the same was to be taken by her in lieu of her dower and widow's award. For what reason the testator, intending to give his wife three-fourths of his estate, did not so declare in the third clause but saw fit to include her share of the other undivided one-half in a trust furnishes no sufficient reason for giving a meaning to the will different from its language. After giving to his wife by the third clause the fee in the undivided one-half of his real estate and the absolute title to one-half of his personal property, he saw fit to devise the other one-half to a trustee for the sole purpose of a division between her and his brothers, sisters and niece. To say that under the fifth clause the trustee was to take one-half of the whole estate after the payment of funeral expenses and debts, to be conveyed to the brothers, sisters and niece, would do violence to the language used. The only active duty imposed upon the trustee was to make a division into two equal parts of the undivided one-half of the estate not already given to the testator's wife, between the wife and

himself as trustee, each taking one of the parts, and then to make a division of the part taken by him as trustee between the brothers, sisters and niece. To carry out the will it would be necessary, first, that there should be a division between the widow and the trustee under the third clause; and perhaps with that in view the testator authorized the executor to sell and convey any part of his real estate in order to carry out the terms and provisions of the will. The other undivided one-half being set off to the trustee, he was given like power to purchase or sell in any case where the property was not susceptible of division without manifest prejudice.

The trustee having accepted the trust took such an estate as the purposes of the trust and its proper execution required and no more, which was a partition and division of the estate devised to him as directed by the will. Active duties being imposed upon him, although merely formal or ministerial, in dividing and conveying the estate, and, if necessary for the purpose of division, to purchase or convey, the trust was not executed by the Statute of Uses. The legal estate became vested in the trustee for the benefit of the widow and the brothers, sisters and niece, and he took the legal title for those purposes, only. *Kirkland* v. *Cox,* 94 Ill. 400; *Harris* v. *Ferguy,* 207 id. 534; *Chicago Terminal Transfer Railroad Co.* v. *Winslow,* 216 id. 166; *McFall* v. *Kirkpatrick,* 236 id. 281; *Lord* v. *Comstock,* 240 id. 492.

The widow has the equitable title to one-half of the portion devised to the trustee, and the brothers, sisters and niece, respectively, have equitable titles to their remaining portions of the other half. The trustee having the legal title, it will be his duty to make the division directed and pay over and deliver the shares of personal property and make conveyances of the real estate accordingly.

The decree is affirmed. *Decree affirmed.*