(No. 21070.—)

LESLIE CROW, Appellant, *vs.* ADA S. CROW, Appellee.

*Opinion filed April 23, 1932.*

W. E. KNOWLES, for appellant.

H. L. BROWNING, and JOSIAH WHITNEL, for appellee.

242

Mr. Commissioner Edmunds reported this opinion:

Leslie Crow, son of George A. Crow, deceased, filed a bill in the circuit court of St. Clair county naming Ada S. Crow, widow of George, defendant, praying that the homestead of Ada in certain real property be assigned to her and that the residue be partitioned. The chancellor sustained a demurrer to the bill and entered a decree dismissing it for want of equity. From that decree Leslie Crow has appealed.

The bill alleges that on or about September 10, 1910, George A. Crow acquired the property in fee simple by warranty deed from Edward E. Miller and wife; that immediately thereafter he went into possession of the premises, and together with his wife, Ada, occupied it as a homestead, and that on December 5, 1912, while so occupying the premises, he and Ada executed a warranty deed to the same, said deed being in words and figures as follows: "This indenture witnesseth, that the grantor, George A. Crow, and Ada S. Crow, his wife, of the county of St. Clair and State of Illinois, for and in consideration of the sum of one dollar, in hand paid, convey and warrant to John M. Chamberlin, Jr., as trustee, to re-convey to us as joint tenants and not as tenants in common of the county of St. Clair and State of Illinois the following described real estate, to-wit, * * * situated in the county of St. Clair, in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this State." The bill alleges that on December 5, 1912, Chamberlin, grantee in said deed from the Crows, executed a warranty deed to the property to the Crows, this deed being in words and figures as follows: "This indenture witnesseth, that the grantor, John M. Chamberlin, Jr., as trustee, of the county of St. Clair and State of Illinois, for and in consideration of the sum of one dollar in hand paid, conveys and warrants to George A. Crow and Ada S. Crow, as joint tenants, and not as tenants in common, of the county of St. Clair and State

of Illinois; the following described real estate, to-wit: * * * This conveyance is made, executed and delivered in full execution of the trust declared in a conveyance of this date from the grantees to the grantor, as trustee." The bill further alleges that both of said deeds were duly acknowledged and were executed at the same time and filed for record in the office of the recorder of St. Clair county at the same hour and minute on December 5, 1912; that while the conveyances purported to be from George A. and Ada S. Crow to Chamberlin as trustee, and from Chamberlin, as trustee, to George A. and Ada S. Crow as joint tenants and not as tenants in common, yet, in fact, no relation of trustee was actually created and no joint tenancy was, in fact, created, and the conveyances resulted only in the creation of a tenancy in common in the Crows; that the deed in which Chamberlin was named as grantee was never actually delivered to him; that he paid no consideration for the same and the property was never surrendered to him; that he did not take possession of the property or have any control over it; that the property was at all times under the full and exclusive control of the Crows and occupied by them as a homestead until May 25, 1929, when Crow departed this life intestate, leaving Ada S. Crow as his wife, and complainant, Leslie Crow, as his child and only heir-at-law, since which time Ada has occupied the property as a homestead; that "by reason of the above described deeds" the Crows became tenants in common of the premises; that, subject to the homestead, Ada is the owner of an undivided one-half interest in the premises, and, subject to the homestead and payment of claims in the probate court, Ada is further the owner of an undivided one-third interest in the other undivided one-half interest in the premises, and that appellant, subject to the homestead and payment of claims, is the owner of the remaining two-thirds of the last mentioned undivided one-half interest in the premises.

Appellant's first reliance is upon the contention that no delivery was made of the deed from the Crows to Chamberlin, hereinafter spoken of as the Crow deed. He refers to the allegation of the bill that there was no such delivery and argues that this was admitted by the demurrer. The contention is without merit. From an analysis of the bill it appears that the rights which appellant asserts therein are grounded upon the very deed in question. Assuming that he is in a position to invoke the contention of non-delivery the allegation referred to is a conclusion of the pleader, which cannot, in view of the facts appearing in the bill, be held to be admitted by demurrer. The Crow deed was placed on record. Chamberlin executed a deed reciting that it was in execution of the trust declared in the Crow deed, and this Chamberlin deed was also placed on record. The Crow deed having been recorded, a presumption arises that it had been delivered. (*Harshbarger* v. *Carroll,* 163 Ill. 636.) The manual possession of a deed by the grantee is not necessary to the conveyance of title provided he has knowledge of the execution and recording of it and assents to it. (*Abernathie* v. *Rich,* 256 Ill. 166.) That Chamberlin had such knowledge of the Crow deed and assented to it sufficiently appears from the fact that he executed and delivered an instrument carrying out the trusts which it imposed and so reciting.

Appellant next contends that if the Crow deed be held to have been delivered no title vested in Chamberlin because of the operation of the Statute of Uses, the result of the transactions being that the Crows became vested with title as tenants in common. The theory upon which this contention is based is that the trust created was only a passive one. To determine the nature of the trust recourse must be had to the terms of the instrument creating it, to ascertain what duties are imposed on the trustee. (*Meacham* v. *Steele,* 93 Ill. 135.) The nature of the trust is to be determined by the trust agreement and by that alone. (*Hart*

v. *Seymour,* 147 Ill. 598.) If the trust is created for some special purpose, as to convey the estate, it is a trust which the Statute of Uses will not execute. (*Silverman* v. *Kristufek,* 162 Ill. 222; *Masters* v. *Mayes,* 246 id. 506.) If a trustee is directed and empowered to convey land the legal estate necessarily vests in him, and if he is required to convey a fee the fee must be conferred upon him. (*McFall* v. *Kirkpatrick,* 236 Ill. 281; *Lawrence* v. *Lawrence,* 181 id. 248; *Emery* v. *Emery,* 325 id. 212; *Hubbard* v. *Buddemeier,* 328 id. 76.) In *Kirkland* v. *Cox,* 94 Ill. 400, *Kellogg* v. *Hale,* 108 id. 164, and *Hart* v. *Seymour, supra,* this court quoted from Perry on Trusts as follows: "If any agency, duty or power be imposed on the trustee, as by a limitation to a trustee and his heirs to pay the rents or to convey the estate, or if any control is to be exercised or duty performed by the trustee, * * * the operation of the statute is excluded and the trusts or uses remain mere equitable estates." If active duties are imposed it does not matter that they are merely formal or ministerial. (*Gardner* v. *Baxter,* 293 Ill. 547.) By the terms of the Crow deed Chamberlin was under the duty of executing a conveyance of a prescribed technical nature. The trust was manifestly created for that special purpose, and it cannot be said that no active obligation was imposed.

Appellant argues, however, that Chamberlin had no power to sell the property or to convey it generally, and that because he could only execute a deed to his grantors the conveyance to him created a mere use. This argument accords an unwarrantedly broad application to the Statute of Uses. In discussing the scope of that statute the court said in *Downing* v. *Marshall,* 23 N. Y. 366: "After the statute, uses were revived under the name of trusts. By a strict construction of that enactment passive trusts might be created by limiting a use upon a use, it being held that the statute only executed the use in the first *cestui que use,* who was allowed to hold the estate for the benefit of the second.

This was, doubtless, an evasion of the letter and policy of the statute, but neither its letter nor policy stood in the way of creating active trusts—that is, legal estates, impressed with some active duty in their control, management or disposition for the benefit of some person or class of persons other than the trustee. Trusts of this kind grew up and expanded to meet the wants and wishes of mankind. They were undefined by any statute or rule. The reason or occasion for vesting the legal title in a trustee appears to have rested in the discretion of the author of the trust." The test is whether or not an active duty is imposed upon the trustee, and we are referred to no adequate reason for holding that the operation of the Statute of Uses turns upon the identity of those to whom such active duty is owed. That the fact that some certain person has the full beneficial interest is not the test appears from *Meacham* v. *Steele, supra,* where we said: "We repeat, the mere fact that the *cestui que trust* has the entire beneficial interest in the trust estate is no test in determining whether the beneficial interest is a trust or a use."

The final contention of appellant is that the most that Chamberlin can be held to have received by the Crow deed is a mere power, and that upon the exercise of it the act performed must be construed as having been done by the donors of the power. Admittedly, the Crows could not by a deed to themselves vest themselves with an estate in joint tenancy. (*Deslauriers* v. *Senesac,* 331 Ill. 437.) It is true that in *Emmerson* v. *Merritt,* 249 Ill. 538, cited by appellant in this connection, the court said that if a testator by his will simply directs his executor to sell real estate and apply the proceeds to certain specified purposes the executor will take a power, only, but in the very same sentence the court said that "if there is a devise to the executor to sell and apply the proceeds as directed he will take an estate in the land." Here there was an outright con-

veyance to Chamberlin imposing upon him an active duty, and he received title to the land—not a bare power to convey it.

The decree of the circuit court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*