UNITED STATES v. 3,000 ACRES OF LAND, MORE OR LESS, IN LAWRENCE COUNTY, ILL., et al.

No. 274–D.

District Court, E. D. Illinois.

Jan. 4, 1944.

George R. Schwarz, of Jerseyville, Ill., for plaintiff.

McGaughey & McGaughey and George W. Lackey, all of Lawrenceville, Ill., for defendants.

LINDLEY, District Judge.

The controversy here is as to the distribution of funds deposited as just compensation for the taking of tracts (1) and (13). The trustee appointed by decree of the Circuit Court of Lawrence County insists that he is vested with the title to the property and entitled to receive the compensation therefor. If he is not to recover, it will be necessary to determine various claims of other parties.

Albert P. Crews died May 4, 1917, testate, seized and possessed of certain land. Under his will, duly admitted to probate, the two tracts mentioned were devised to his daughter Martha Ellen for life, with remainder to his executor in trust to sell and to divide the proceeds among his heirs. In 1942, knowing that the Government intended to take the land under its eminent domain power, the life tenant, having married one Wesner, filed in the Circuit Court of Lawrence County her complaint praying appointment of a trustee. She made defendant all known heirs of her deceased father as well as all his possible unknown heirs. With jurisdiction of all interested parties, the court entered a decree in June, 1942, wherein it

found existing a possibility of unknown heirs at law of Albert P. Crews and a further possibility that, upon the death of plaintiff, there might be heirs of Crews not then born; that the testator had devised the property to plaintiff for life, provided, however, that at her death the executor should sell it and divide the purchase money equally among his heirs; that, upon the death of the life tenant, the testator, by another clause, devised to one son, a part of said premises consisting of sixty acres, provided the son should, within one year after the life tenant's death, pay the executor $3,000, to be divided by the latter equally among the testator's heirs, and provided further that if the son should not take advantage of his option within the specified period, the executor should sell the sixty acres and all other property devised to plaintiff and distribute the proceeds among testator's heirs; that, because of the remainder created, it was impossible to know who would be the heirs of Albert P. Crews or the beneficiaries under his will; that, in order to sell the property to the Government, it was necessary to vest title in a trustee for the purpose of conveyance; that the amount offered by the Government was fair and should be accepted, and that, ascertainment of the heirs of Albert P. Crews being impossible, it was necessary to invoke the jurisdiction of Section 50 of Chapter 22 of Illinois Revised Statutes, granting courts of equity power to create trusts where necessary to carry out the provisions of a will or otherwise and to have appointed a proper trustee to hold and invest the moneys for the benefit of the persons who might become entitled thereto. Thereupon the court declared a trust, appointed a trustee, and vested in him as trustee the title to the property and directed him to convey it to the Government, to receive the consideration and to invest the corpus of the trust estate in securities of a certain character, upon approval by the court. The trustee qualified on August 12, 1943. No appeal was taken from the decree of the court, nor has any modification thereof ever been made or asked for.

The trustee contends now that, under the terms and provisions of the will, by virtue of the decree, he succeeded to the title; that the Government's election to condemn worked an involuntary conveyance; that the deposited purchase money became a part of the trust estate vested in the trustee

and that the court should direct the same to be paid to him. It is contended on behalf of certain of the heirs and the administrator of the life tenant, who died on June 27, 1943, that the trust is void,—in other words, that the purpose for which it was created having come to an end, it is executed and has ceased to exist as an active trust by virtue of the Statutes of Uses of Illinois and that this court should determine the persons to whom the money should be paid and the proportions thereof to be paid to each.

By his will, the testator contemplated that, upon the death of the life-tenant, the property should be sold by his executor and the proceeds distributed. But the record discloses that the estate was closed and the executor discharged many years ago. The condemnation of the property by the Government effectuated disposition of the real estate but it left the compensatory fund subject to the provisions of the will. These facts, I think, have an important bearing upon determination of the character of the trust.

Section 50, Chapter 22 of the Illinois Revised Statutes, provides that where lands are subject to future interests, whether arising by way of remainder, reversion or otherwise, and it appears that they are liable to waste or depreciation or that the sale and proper investment of the proceeds will inure to the advantage of the persons entitled thereto or that it is otherwise necessary for conservation, preservation or protection of the property or of any interest therein that they be sold or converted, the Circuit Court shall have power, pending the vesting of the future interests, to declare a trust, appoint a trustee, vest in him title to the property and authorize and direct sale of the property by the trustee and direct him to receive, hold and invest the proceeds thereof for the benefit of the persons entitled thereto or who may become entitled thereto. It further confers upon the court authority to construe wills to determine whether trusts are involved and to exercise all equitable power necessary to achieve the ends contemplated by testators and to administer estates in accord with such contemplation.

Section 3 of Chapter 30 of the Illinois Revised Statutes is, substantially, a re-enactment of that part of the Statute of Uses, 27 Hen. VIII, Chap. 10, 1535, which relates to conveyances to use. The act does not apply to active trusts but

only to those naked or base in character, where the fiduciary has no duty to perform. Restatement of the Law of Trusts, §§ 68, 69; 65 C.J. p. 227. In all such cases, transfer to the cestui que trust is automatic and no valid trust comes into existence, although express words of trust are used. Kellogg v. Hale, 108 Ill. 164. If the trust here is passive or naked, it follows that, despite its express terms created by the Lawrence Circuit Court, the use was executed and the legal title vested in the beneficiaries.

We must remember that at the time of the creation of the trust there was uncertainty as to the beneficiaries; that the executor had been discharged; that, in order to carry into effect the testator's expressed intention, it was necessary that a court of equity take jurisdiction and appoint a trustee with authority to carry out the directions of the testator. This vested title in the trustee with power to execute conveyance of the property and to receive the proceeds and reinvest them until it could be determined to whom the proceeds should be paid in accord with the will. This, it seems to me, requires continuation of legal title in the trustee to enable him to perform his duties. Consequently the trust was not executed under the Statute of Uses embodied in the Statutes of Illinois. Potter v. Couch, 141 U.S. 296, 11 S.Ct. 1005, 35 L.Ed. 721. Thus it has been held in Illinois that a trust to hold property, convey it and distribute the proceeds is active, not executed by the statute. McFall v. Kirkpatrick, 236 Ill. 281, 86 N.E. 139; Mason v. Mason, 219 Ill. 609, 76 N.E. 692; Chicago Terminal Transfer R. Co. v. Winslow, 216 Ill. 166, 74 N.E. 815; Ure v. Ure, 185 Ill. 216, 56 N.E. 1087. Where a devise provided that certain property should be held by the trustee and controlled by him with directions to pay the income to the devisee as long as she should live and thereafter to deliver the estate to the testator's natural heirs the trust was held active, not affected by the statute. Silverman v. Kristufek, 162 Ill. 222, 44 N.E. 430; Kellogg v. Hale, 108 Ill. 164. In Meacham v. Steele, 93 Ill. 135, the court announced that where a trustee is directed to sell and convert into money, and pay it over to the beneficiaries, an active trust exists. See, also, Kathman v. Sheehan, 332 Ill. 280, 163 N.E. 692; Gardner v. Baxter, 293 Ill. 547, 127 N.E.

717; Leary v. Kerber, 255 Ill. 433, 99 N.E. 662.

Remembering that courts of equity will not permit testamentary intentions to be defeated and that a threat of such result confronted the Circuit Court of Lawrence County at the time of the entry of the decree, and bearing in mind that, under the will, the executor had been discharged, and it was necessary to have a trustee in order to effectuate the testator's intentions, namely, to sell the property and make distribution as provided; that the life-tenant was then still alive and that the persons to whom the proceeds of sale should be paid were then uncertain, in view of the Illinois statutes and decisions, it seems to me clear that the trust was an active one, created by decree of court and unaffected by the Statute of Uses.

I do not mean to imply that this trust should or should not be terminated. I mean only that a trust created by a court of general jurisdiction, the decree of which remains unreversed and unmodified, is by virtue of that decree still in existence. Whether error occurred in the proceeding is wholly beside the point, for this is not a court of review. Whether the trust created by the state court should be terminated and whether the decree of that court should be modified or set aside are questions solely beside the point. So long as the decree exists the jurisdiction of the Circuit Court of Lawrence County is exclusive.

Nor is it my intention to imply in any way what should control the Circuit Court of Lawrence County in its power to carry the trust into execution or to determine when and upon what conditions it shall terminate. It may be that the facts have become such that upon receipt and distribution of the fund in question, under the provisions of the testator's will, the trust is no longer essential and may be terminated. With these matters I am not concerned and upon them I express no opinion. The obligation of this court, as an adjudicating forum, is satisfied when I determine that the trust created by decree of the Lawrence Circuit Court is valid and is still in existence by virtue of the express provisions of that decree. What that court should do is wholly for its determination.

The heirs of James Crews make claim to the funds realized from condemnation of

a certain sixty acres included in the tract under Clause VIII of the will. In view of my conclusion as to the title of the trustee and the validity of the trust, I deem this question proper only for the court administering the trust.

It appears that since the Government has deposited the money constituting compensation for the property taken, that part allocated as satisfaction for the growing crops has been paid in the proper proportions to the administrator of the life tenant and her lessee. No question arises as to the propriety of the payment to the latter but the trustee contends that the payment made to the administrator should not have been made. Strictly speaking, this is correct. All money received belonging to the life-tenant was, under the decree of the Circuit Court of Lawrence County, payable solely to the trustee. How and to whom he should distribute the funds are questions for that court and when it comes to make distribution it will have to determine how much is due the estate of the life-tenant. She was entitled to the income of the property so long as she lived; at the time the Government took the property she was still alive. So the question arises of how much of the money was due her in satisfaction of her life estate. It is contended on the one hand that when the decree was entered, an equitable conversion was effectuated; that thereafter the property was the same as personal property in the hands of the trustee and that her life estate therein should be determined under proper mortality tables. On the other hand, it is insisted that she took only that part of the income which accrued up to the time of her death. It is contended also, that, by taking the last named proportion of the money, the administrator of the life-tenant made an election to take that rather than insist upon the proportion of the funds which would result from a calculation under mortality tables.

In view of my conclusion that the trust is valid, all these questions are for the state court. True, the money received by the administrator of the life-tenant should have been paid to the trustee, but the amount is certain and determined and I see no necessity of my requiring it to be repaid to the trustee now, in view of the fact that the state court will have to determine exactly what was due the life tenant's estate and can make proper allowance for

the money paid to the administrator in settlement of the trustee's account. Inasmuch as I deem the title of the trustee complete and jurisdiction of the Circuit Court of Lawrence County over the trust effective and exclusive, in pursuance of the will and of the Statutes of Illinois, I think these and all other questions raised as to distribution must be left to that court.

Judgment will enter directing the compensation due for these tracts to be paid to the trustee appointed by the Circuit Court of Lawrence County, Illinois. Proper judgment may be submitted.

The findings and conclusions herein are adopted as of this date.