**Jules Oppenheim, Appellant, v. D. B. Scully.
D. B. Scully for Use of Jules Oppenheim, v. The
Northern Trust Company, Appellee.**

### Gen. No. 44,714.

▇▇▇▇▇▇▇ Opinion filed May 18, 1949. Released for publication June 17, 1949.

JAMES R. BRYANT, of Chicago, for appellant.

ECKERT & PETERSON, of Chicago, for appellee; TOM LEEMING and JOHN R. PORTER, both of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a garnishment proceeding based upon a judgment for $3,249.33 confessed March 12, 1938 and revived by scire facias June 25, 1948. The court upon garnishor's interrogatories and answer of the Northern Trust Co., hereinafter called garnishee, entered an order discharging the garnishee. The garnishor, hereinafter referred to as plaintiff has appealed.

The garnishee and several other banks were named in the garnishment summons. Written interrogatories were addressed to them. The garnishee answered that on July 19, 1948, the date of service of the summons, it had no moneys, credits, etc. owned by or due D. B. Scully; was not indebted to him; and was not possessed of any of his lands, etc. It answered however that as successor trustee under the will of D. B. Scully, Sr. it held for D. B. Scully as the remaining portion of his distributive share of a trust, created by D. B. Scully, Sr., the sum of $5,319.29 in cash; that the trust was created by will and admitted to probate September 8, 1922; that as trustee garnishee was limited by paragraph "Fourteenth" of the will; and that the beneficial interest of D. B. Scully was equitable, nonassignable and not subject to garnishment.

Plaintiff with leave of court addressed further written interrogatories to the garnishee. It was asked for a disclosure of the full terms of the trust; the date of the death of Josie V. Scully, beneficiary of the trust; whether the sum held for D. B. Scully was principal or

income; and was that sum a final distribution. The garnishee under direction of court, answered filing a copy of the will of D. B. Scully, Sr.; stating that Josie Scully died February 11, 1948, and that the funds held were principal and represented a final distribution; and realleged its conclusion of law as to the immunity of the funds to garnishment.

The trial court found the law as stated by the garnishee. It dismissed the proceedings and discharged the garnishee.

The will of D. B. Scully, Sr., bequeathed the homestead, furniture, etc. to his widow, bequeathed $10,000.00 to another person and gave the rest of the estate in trust with broad powers of investment, sale and general discretion to the trustee. One-half of the net income of the trust estate, but not less than $25,000.00 yearly, was to be paid to the widow for fifteen years after the testator's death. If necessary the principal was to be subjected to the provision of that annuity. For that period of fifteen years the balance of the income was to be paid to the seven Scully children, share and share alike. Should the widow live beyond the fifteen year period, trustee was to retain sufficient of the estate to continue for the widow's life the $25,000.00 annuity. Any excess income was to be paid, share and share alike, to the children. The balance of the trust estate in excess of that needed for the annuity was to be distributed at the end of the fifteen year period to the seven children, share and share alike. Two-thirds of the one-seventh share of Alfred Scully was to be retained in trust for five years with the income payable to him meanwhile. At the end of the five years he was to receive one-half of that part retained, the trustee to continue holding the other half for a further period of five years, the income payable to Alfred Scully. Should the widow die within fifteen years of the testator's death, the entire income for the remainder of that period was to go to the children,

share and share alike, and at the end of the period the entire estate to be distributed in seven equal shares subject to the limitation on distribution to Alfred Scully. Should the widow die after the fifteen year period, the part retained to provide the annuity was to be disposed of equally among the children subject to the limitation on distribution to Alfred Scully.

The "Fourteenth" paragraph of the will contains the general spendthrift provisions. It consists of two clauses. In the first the trustee is directed to pay the income into the hands of each beneficiary and not upon any written or verbal order or assignment or transfer by any such beneficiary. The second clause provides that no beneficiary shall have the right to sell, pledge, assign, etc., his interest or any part thereof and that no person should acquire the right or interest of any beneficiary through assignment, claim, or judgment, etc., voluntary or involuntary.

Plaintiff argues that the trust purposes have been fulfilled and that the contingency to terminate the trust has occurred; that the trustee has computed "to the last cent" the amount due D. B. Scully; that all that remains to be done is to pay the money over; and that the trust is therefore not active. The trial court disposed of the case on the pleadings. The pleadings disclose that the money held by the garnishee is principal and is held by it as trustee. The garnishee contends that the trust is still active since as to Alfred Scully the trust does not expire until 1958 and as to D. B. Scully legal fees in defense of the trust are accumulating and must be paid as well as trustee's fees and other expenses authorized by the will. We think these considerations are sufficient to show that the trust is active. *Gardner v. Baxter,* 293 Ill. 547, 552; *Glover v. Condell,* 163 Ill. 566, 588.

The funds sought to be reached are in the hands of an active trustee. The Garnishment remedy is statutory and its applications to this case must be

found in the statute. *Capes v. Burgess,* 135 Ill. 61; *Campagna v. Automatic Elec. Co.,* 293 Ill. App. 437, 441. The Garnishment statute makes no provision for reaching funds in the hands of an active trustee. *Baumgarden v. R. F. C.,* 131 Fed. (2) 741. The *Baumgarden* decision is approved by our Supreme Court in *Dunham v. Kauffman,* 385 Ill. 79 on pages 85 and 86. On page 86 we assume "the statute" refers to the Garnishment statute. We conclude therefore that the garnishment proceedings do not lie in this case.

We need not consider questions raised relating to the spendthrift provisions of the will or those involving Section 49 of the Chancery Act [Ill. Rev. Stat. 1947, ch. 22, par. 49; Jones Ill. Stats. Ann. 106.12].

The judgment is affirmed.

*Judgment affirmed.*

Burke, P. J., and Lewe, J., concur.