ANTONIA KANN MOLL

*v.*

KATHARINE A. C. GARDNER *et al.*

*Opinion filed February 21, 1905.*

1. TRUSTS—*when an active trust may be executed by Statute of Uses.* An active trust may become passive after all the active duties have been performed and the trust may become excuted by the Statute of Uses and the title vested in the remainder-men.

2. SAME—*when trust ceases at period of distribution.* A trust created by a will devising certain premises to one of four children to collect the rents, make improvements and repairs, divide the profits among the children and keep the estate intact until a certain time, when the estate is to be equally divided among the four children, but without power to sell the land and divide the proceeds, ceases at the time appointed for distribution; and if the property cannot be equally divided, each child is at once vested with legal title to an undivided one-fourth interest therein.

3. SAME—*when judgments against beneficiaries become liens.* Where a trustee is to hold the legal title only until the appointed time for dividing the trust estate equally among the beneficiaries, but has no power to sell the land and divide the proceeds, judgments against the beneficiaries become liens, as to their respective interests, at the time appointed for distribution, if the property can not be equally divided, since the trust will be regarded as executed by the Statute of Uses and the legal title vested in the beneficiaries.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

On April 27, 1887, Constantine Kann died testate, leaving a last will and testament, which was admitted to probate. By the first paragraph of his will he provided for the payment of his just debts and funeral expenses. The second paragraph is as follows:

"*Second*—I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, to my daughter Antonia Kann, in trust,—first, to collect all the rents, issues and profits of the real estate and to make such

improvements and repairs upon said real estate as she may deem necessary; second, to appropriate the net profits and rents arising from my estate equally among my four children: herself, the said Antonia Kann, Katharine A. C. Kann, Alexandrina K. Kann and Charles Frederick George Kann; and in further trust to keep all the said estate, except said net rents and profits, intact until the said Charles Frederick George Kann arrives at the age of twenty-five years, and then to divide the same into four equal parts, one-fourth to herself and one-fourth to the said Katharine A. C. Kann, one-fourth to said Alexandrina K. Kann and one-fourth to said Charles Frederick George Kann; also upon further trust that she, the said trustee, may at any time sell and convey the Wabash avenue unimproved real estate, known as lots 13 and 14, in Charles H. Walker's subdivision of five acres, and being situated between Thirty-eighth and Thirty-ninth street, on said Wabash avenue, Chicago, and put the proceeds at interest to await the division of my estate, to take place when my son arrives at the age of twenty-five years, or to use the same in improving any other of my real estate, as she may deem proper, but she, the said trustee, shall have no power to sell any other real estate."

The appellant, Antonia Kann Moll, (formerly Antonia Kann,) was appointed executrix and trustee under the will, and was also appointed guardian of the persons and estates of Alexandrina Kann (afterwards Heller, now Alexandrina Will,) and Charles F. G. Kann, who were then minors.

At the date of his death the testator was the owner of two adjoining vacant lots on Wabash avenue, now worth about $4000, and a lot on Archer avenue, on which had been erected a three-story brick building of the value of about $8000, and two lots on State street, containing a three-story building covering the entire lots, which were of greater value than all the other property of the estate.

Prior to the time for division fixed in the will eight judgments had been entered against Alexandrina K. in various

courts of Cook county, in favor of appellees Hulbert, Wallace, St. Clare, Landt, Rodgers, Deming and Cook. Upon one of these judgments there had been a sheriff's sale and a certificate issued, but no deed had been executed. On one of the other judgments there had been a sheriff's sale and a deed had issued, but the title had finally been re-conveyed to the trustee.

On January 22, 1902, Charles F. G. Kann, for a stated consideration of $350, executed a deed to John S. Woodruff, purporting to convey all of his right, title and interest in and to the estate acquired by him under the will of his father, together with all rents, income and profit thereon which had accrued in the hands of the trustee or which might subsequently accrue. He also gave an order in writing, directing the trustee to pay such rents, income and profit to Woodruff. Suit was subsequently commenced by Woodruff against appellant upon this claim and was still pending at the time of the hearing in this case. Judgment was subsequently taken against Charles F. G. Kann by confession, by Woodruff, for $440.55 in the superior court.

On August 24, 1903, Charles F. G. Kann arrived at the age of twenty-five years, at which time, by the terms of the will, the estate was to be distributed among the beneficiaries, and on that date appellant filed this bill in the circuit court of Cook county, upon the theory that it was her duty, as trustee, in order to fully execute the trust, to make a division of the real estate into four equal shares, and finding that on account of the condition of the property it was physically impossible to make such division, she asked for the instruction and aid of the court. The beneficiaries and judgment creditors were all made parties defendant, and the prayer of the bill was that the judgments above enumerated, and the sheriff's sales thereunder, be decreed to be clouds upon the title of appellant and be canceled and removed; that the legal title be decreed in the complainant; that the court make inquiry into and ascertain and determine how and in what

manner she, as such trustee, could or should divide said estate between herself and her brothers and sisters in pursuance of the terms of the will, and in the event that the court should determine that the same could not be divided, that appellant be authorized and empowered to sell said premises and divide the proceeds among the parties. Various demurrers, answers, cross-bills and replications were filed to the original bill as amended, and, upon issue being finally joined, there was a hearing before the chancellor and a decree entered, which found that on the 24th day of August, 1903, Charles F. G. Kann arrived at the age of twenty-five years, and on that day all of the active duties imposed upon appellant as trustee ceased; that it then became her duty to divide the estate into four equal shares and convey the same to the beneficiaries, which she had failed to do, but that, notwithstanding such failure, the title to said real estate had passed under and by virtue of the Statute of Uses, and that the said Alexandrina became vested in fee simple, subject to the liens under the judgments above mentioned outstanding against her, with an undivided one-fourth of said real estate; that Katharine A. C. Gardner (nce Kann) became seized of an undivided one-fourth, clear of all encumbrances; that Charles F. G. Kann became seized of an undivided one-fourth, and that the appellant became seized of an undivided one-fourth. The trustee was ordered, within five days, to execute and deliver to each of said parties a deed for an undivided one-fourth of said premises, the deed to the said Charles F. G. Kann, however, being subject to the rights of said Woodruff, if any; and upon the failure of appellant to make said deeds the master in chancery was directed to make conveyance. From this decree an appeal has been perfected to this court.

FRANK ASBURY JOHNSON, for appellant.

GREGORY, POPPENHUSEN & McNAB, DAVID K. TONE, C. C. LANDT, WILLIAM COOK, and HENRY L. WALLACE, (WILLIS SMITH, of counsel,) for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is insisted by appellant as a ground of reversal that the language of the will created in her an active trust; that the legal title to the property was vested in the trustee; that the Statute of Uses does not apply to active trusts, and the legal title can pass from the trustee only by deed or a decree sufficient for that purpose; that it was the intention of the testator that none of the beneficiaries should anticipate the net income or have any share or title in the property until a certain time, hence none of the judgment creditors or grantees under sheriff's deeds acquired any title, and all such deeds and judgments are clouds upon appellant's title, which she has a right to have removed; that the property being devised to appellant under an active trust, to be divided at a fixed time, and such actual division by the trustee being impossible, and the will containing no power of sale, a court of equity will aid in the execution of the trust by appointing a trustee to make sale and divide the proceeds.

Many authorities are cited by appellant in support of her view of the law, but upon examination it is found that in each of those cases the power and authority conferred upon the trustee by the language of the will materially differed from that conferred by the will of Constantine Kann. It is undoubtedly the law that where a testator conveys land, by will, to a trustee and imposes active duties upon him, such as the care and management of the property and the paying of the income to certain persons, such a will creates an active trust and the legal title to the property vests in the trustee, and judgment creditors can obtain no lien, as against any of the remainder-men, so long as the legal title remains in the trustee. (*King* v. *King*, 168 Ill. 273.) And if the language of the will is such that the trustee, at the time of the termination of the trust, is given the power of sale and disposition of the property and is to divide the proceeds among certain persons therein named, such disposition may be made, notwithstanding the fact that there are judgment

creditors who have claims against the persons named in the will as remainder-men. This is for the reason that such remainder-men have no vested legal title, as the legal title is in the trustee with power to sell. (*Binns* v. *LaForge,* 191 Ill. 598; Hurd's Stat. 1903, chap. 22, sec. 49; *Lawrence* v. *Lawrence,* 181 Ill. 248.) But the language of the will in question cannot be so construed. The premises were devised to appellant in trust, to collect the rents, issues and profits, to make improvements and repairs, to appropriate the net profits and rents equally among the four children, to keep the estate intact until Charles F. G. Kann arrived at the age of twenty-five years, and then to divide the same into four equal parts. By this language an active trust was created, to continue until Charles F. G. Kann arrived at the age of twenty-five years, when the active duties of the trustee were to terminate and the estate was to be divided. The evidence shows that when the time for distribution arrived, owing to the character of the property, it was impossible to divide it into four equal shares. It being impossible to divide it, there was no power given by the will for the trustee to sell the premises and divide the proceeds, and we do not think that such power was necessary in order to carry out the purposes of the trust. A trust which is active may become passive after all of the active duties have been performed, and the trust may become executed by the Statute of Uses and the title vested in the remainder-men. In 2 Washburn on Real Property (3d ed. p. 435,) it is said: "There are, moreover, some trusts which partake successively of the character of active trusts, in respect to which the trustee is clothed with the legal estate, and of executed uses, when it passes to the one beneficially intended in it, according to the nature and terms of the limitation. Thus, it may be incumbent upon the trustee to dispose of the rents in a particular manner during the life of A B, and then the trust may so change as to be executed in a new *cestui que trust.* A trust of this character would be a devise to trustees and their heirs to receive

the rents and support the devisor's son until he was twenty-one and then over to him. In such case it was held that the legal estate vested in the trustee till the son was of age and then was executed in him; * * * yet if he had active duties to do which required him to hold the legal estate for a term of time, he will be considered as seized thereof accord-ingly, so long as it shall be necessary, and it will then be executed in the *cestui que trust,* upon the principle that trustees only take so much of the legal estate as the purposes of the trust require." In the case of *Meacham* v. *Steele,* 93 Ill. 135, we said (p. 145) : "Often, in cases of this character, the objects of the trust become defeated or for some cause or other performance becomes impossible, and the trust will thereby become stripped of its executory character, leaving no duties to be performed with reference to the trust estate. In such cases the trust becomes a use and is executed by the statute." To the same effect see 2 Perry on Trusts, (2d ed.) sec. 320; *Kirkland* v. *Cox,* 94 Ill. 400.

Upon the arrival of Charles F. G. Kann at the age of twenty-five the active trust became executed and nothing remained but for the trustee to divide the estate. Physical division being impossible, the trustee might have completed her duties by conveying to each beneficiary an undivided one-fourth of the premises by deed. Each beneficiary was of age, and they might have partitioned the estate among themselves without the intervention of a court of equity and without the costs incident thereto; or, upon the termination of the active duties of the trust, the Statute of Uses would execute the remaining provisions of the will and the title to the property would vest immediately in the beneficiaries without deed or the decree of any court. The decree below found that the trust was executed by the Statute of Uses and that the title was in the beneficiaries, and it ordered the trustee to execute deeds of conveyance to the beneficiaries within five days, and upon default said deeds to be executed by the master. Under the bill, and issues formed thereon, it was

not improper to order these conveyances to be made. The decree also found that certain judgments therein enumerated were liens upon the shares of the beneficiaries. We think this finding was correct, for as soon as the title became vested in the beneficiaries the judgments became liens upon their respective shares.

The decree was clearly correct and will be affirmed.

*Decree affirmed.*