Chicago Title & Trust Company, Appellee, v. Mercantile Trust & Savings Bank et al., Appellants.

Gen. No. 40,221.

Opinion filed May 2, 1939.

JULIAN C. RYER, of Chicago, for appellants.

STEARNS & JONES, of Chicago, for appellee; LLOYD McBRIDE and NORBERT B. TYRRELL, both of Chicago, of counsel.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

The Northern Trust Company, trustee under Trust Agreement No. 7313 (hereinafter for convenience referred to as the Lauth Trust), having recovered a judgment for $5,501 against Harold S. Shrader, pursuant to which an execution was issued and returned wholly unsatisfied, filed its complaint in the nature of a creditor's bill in the circuit court to reach principally the land held in Trust No. 24797 (hereinafter referred to as the Land Trust), of which Chicago Title & Trust Company was trustee and Shrader was the sole beneficiary. Shortly thereafter Chicago Title & Trust Company, trustee under Trust Agreement No. 22146 (hereinafter referred to as the Morton Trust), the owner of

a first mortgage note for $16,000 and the trust deed securing same, filed its complaint in the superior court to foreclose said trust deed against the property which was the subject of the aforesaid land trust, being the same property which the Lauth Trust sought to reach by its complaint against Shrader. In such complaint in the nature of a creditor's bill the Lauth Trust claimed a prior lien on the mortgaged land by reason of its judgment against Shrader. The proceeding instituted by the Lauth Trust in the circuit court was transferred to the superior court and there consolidated with the foreclosure suit brought by the Morton Trust. A decree was entered finding that the Lauth Trust, the judgment creditor of Shrader, had no lien on the land which was the subject of the land trust and that the mortgage of the Morton Trust was a first lien thereon, and ordering the sale of the property for the satisfaction of the mortgage indebtedness. The Lauth Trust appeals from that portion of the decree which denied its claim of lien and the priority thereof.

The facts briefly stated are that the Lauth Trust obtained a judgment for $5,501 against Harold S. Shrader October 22, 1930; that Shrader was then living in the premises, which prior to the entry of said judgment had been conveyed by deed in trust from Nels Shoan and Hilma Shoan to the Chicago Title & Trust Company, as trustee under Trust Agreement No. 24797; that Shrader was the only person beneficially interested in that agreement and that he had various rights and powers thereunder, including the right to direct the trustee to mortgage the land described therein, as will hereinafter be fully set forth; that shortly after the Lauth Trust judgment against Shrader was rendered, the latter directed his trustee to make the mortgage, the foreclosure of which was ordered by the decree entered in this cause; and that the mortgage note and trust deed securing same is

owned by the Morton Trust, of which Chicago Title & Trust Company is also trustee under its Trust Agreement No. 22146.

As heretofore stated the real estate in question was conveyed by deed in trust by Nels Shoan and Hilma Shoan to Chicago Title & Trust Company, on April 2, 1930, under Trust Agreement No. 24797. This land trust agreement recited that the trustee "is about to take title" to the real estate and "will hold it for the uses and purposes herein set forth." The other pertinent provisions of said trust agreement are:

"The following named persons shall be entitled to the earnings, avails and proceeds of said real estate according to the respective interests herein set forth, to-wit:

"Harold S. Shrader

"It Is Understood and Agreed between the parties hereto, and by any person or persons who may become entitled to any interest under this trust, that the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title to said property, and to manage and control said property, as hereinafter provided, and the right to receive the proceeds from rentals and from mortgages, sales or other disposition of said premises, and that such right in the avails of said property shall be deemed to be personal property, and may be assigned and transferred as such; that in case of the death of any beneficiary hereunder during the existence of this trust, his or her right and interest hereunder shall, except as herein otherwise specifically provided, pass to his or her executor or administrator, and not to his or her heirs at law; and that no beneficiary now has, and that no beneficiary hereunder at any time shall have any right, title or interest in or to any portion of said real estate as such, either legal or equitable, but only an interest in the earnings, avails and proceeds as aforesaid . . . .

"...

"It is understood and agreed by the parties hereto and by any person who may hereafter become a party hereto, that said Chicago Title and Trust Company will deal with said real estate only when authorized to do so in writing and that (notwithstanding any change in the beneficiary or beneficiaries hereunder), it will on the written direction of

"Harold S. Shrader

or such other person or persons as shall be from time to time named in writing by the beneficiary or beneficiaries, or on the written direction of such person or persons as may be beneficiary or beneficiaries at the time, make deeds for, or otherwise deal with the title to said real estate. . . .

"The beneficiary or beneficiaries hereunder, in his, her or their own right shall have the management of said property and control of the selling, renting and handling thereof, and shall collect and handle the rents, earnings, avails and proceeds thereof, and said trustee shall have no duty in respect to such management or control, or the collection, handling or application of such rents, earnings, avails or proceeds, or in respect to the payment of taxes or assessments or in respect to insurance, litigation or otherwise, except on written direction as hereinabove provided, and after the payment to it of all money necessary to carry out said instructions. . . . If any property remains in this trust twenty years from this date it shall be sold at public sale by the trustee on reasonable notice, and the proceeds of the sale shall be divided among those who are entitled thereto under this trust agreement."

The position of the Lauth Trust, the judgment creditor of Shrader, as stated in its brief is as follows: "The only question to be determined in this proceeding is entirely one of law. The lien of the appellant's

judgment is or is not superior to that of the trust deed. If this court determines that the Statute of Uses did not vest title in Harold S. Shrader to the premises in question then the decree should be affirmed, but should the court adjudge that appellant's position is legally sound then this court should and, of course, will reverse the decree in that particular and remand the cause to the Superior Court of Cook County so that a decree may be entered therein finding and fixing the lien of the judgment as a first and superior lien and directing the sale of the premises to satisfy the lien of the judgment in the first instance and the balance over to be applied on account of the mortgage indebtedness.''

In support of its position appellant insists that no duties or obligations are imposed upon the trustee under Trust Agreement No. 24797, heretofore set forth, and that, therefore, said agreement constitutes a mere nominal, naked, dry or passive trust, which was executed by the statute of uses (sec. 3, ch. 30, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 29.03]), immediately vesting the legal title to the property in Shrader, the beneficiary of the trust and the judgment debtor; and that the legal title to the property being in Shrader when appellant's judgment was entered against him and the rendition of said judgment having preceded the execution of the trust deed securing the mortgage indebtedness, appellant's lien on the property involved was prior and superior to the lien of the trust deed. Many authorities are cited to sustain the proposition that although words of express trust are used in the grant or devise of an estate in land to a trustee, where such trust is a passive one, imposing no active duties upon the trustee, the statute of uses operates to vest the legal title in the *cestui que trust* at once. It is unnecessary to discuss these authorities since they all passed upon factual situations disclosing naked or

passive trusts and it is conceded that such trusts are executed by the statute of uses.

Appellee in its brief relies upon the following propositions

"1. The judgment debtor, Shrader, had no interest in the mortgaged real estate as such. His interest was only in income, proceeds and avails of the trust, and was personal property. Consequently, the defendant's judgment against Shrader was not a lien on the mortgaged real estate, and any notice arising from Shrader's possession is immaterial.

"2. The Statute of Uses did not operate to vest Shrader with any title to the mortgaged real estate, because (a) that statute does not affect personal property interests at all and (b) the trustee has under the terms of the land trust agreement No. 24797 the active duty to make conveyances during the term of the trust and the active duty at the end of twenty years to sell and convey all real estate remaining in the trust."

Perhaps a clearer statement of appellant's theory is that Shrader, immediately upon the delivery of the deed in trust on April 2, 1930, by the Shoans to Chicago Title & Trust Company, as trustee, by the operation of the statute of uses, became the legal owner of the real estate conveyed by said deed in trust, and consequently that appellant's judgment against Shrader entered October 27, 1930, attached as a lien on such real estate at the time of the rendition of said judgment and was therefore superior to the lien of appellee's mortgage made on November 1, 1930. The appellee concedes that, if Shrader had title to the property as claimed, then appellant's judgment became a superior lien on the land, but insists that Shrader had no title to the real estate by virtue of the statute of uses or otherwise and that appellant's judgment never became a lien on the land.

Was the beneficial interest of Shrader in the land trust personal property or was it an interest in the real estate as such? If the former, the statute of uses can have no application. It is expressly declared in the trust agreement, heretofore set forth, that the interest of the beneficiary in the trust "shall be deemed to be personal property" and not "any right, title or interest in or to any portion of said real estate as such, either legal or equitable, but only an interest in the earnings, avails and proceeds" thereof.

The rule has been long and well established in this State that the form of deed of trust and trust agreement before us creates a valid and subsisting trust under which the interest of the beneficiary is personal property only and not real estate. It has been repeatedly held that an agreement creating an interest in the profits or proceeds of the sale of real estate creates no interest in or lien upon the land itself. (*Morrill v. Colehour,* 82 Ill. 618; *Roby v. Colehour,* 135 Ill. 300; *MacDonald v. Dexter,* 234 Ill. 517.) It is true that under the terms of the land trust agreement Shrader, the beneficiary, had the power to direct the trustee to convey the real estate to him and thus reconvert his interest in said land trust into real estate, but until he exercised such power his interest remained personalty so long as the trust continues in effect and before such reconversion is actually accomplished. The law gives to persons entitled to the proceeds of land the right to elect to take the land instead, but until they do so elect there is no reconversion of their interests. Provisions in trust instruments giving beneficiaries the option to take the land instead of the proceeds are but expressions of the right of election, which the law gives them in any event, and such provisions in no way alter the character of their rights. (*Baker v. Copenbarger,* 15 Ill. 103.)

In *Duncanson v. Lill*, 322 Ill. 528, where it was urged that the interests of beneficiaries under the same form of trust agreement under consideration here should be regarded as real estate because they might direct the conveyance of the land to themselves, the court said at pp. 533 and 534:

"By the deed of trust the entire legal and equitable title to the property was expressly vested in the trustee, and the interest of each and every beneficiary, and of all persons claiming under them, was declared to be personal property and to be in the earnings, avails and proceeds arising from the disposition of the property. The trust agreement likewise provided that the interest of any beneficiary should consist solely of the right to receive the proceeds from rentals or from sales of the property; that such right should be deemed to be personal property and might be assigned and transferred as such, and that in case of the death of any beneficiary during the existence of the trust, his right or interest should pass to his executor or administrator and not to his heirs-at-law. The rights of Duncanson and his wife as beneficiaries were declared to be personal property, and by the assignment George and William W. Lill succeeded to those rights. The assignees merely took the place of the assignors as beneficiaries under the trust agreement and the trust continued to exist. The acquisition of those rights by the assignees effected no change or transfer of the title to the real estate. No conveyance was made by the Chicago Title and Trust Company, as trustee, pursuant to the assignment. The title remained in the trustee and it was not made a party to the suit. Nor does the fact that the beneficiaries might terminate the trust by requiring the trustee to convey the property avail the appellants. The right might or might not be exercised. Such a conveyance would depend upon subsequent acts which might not be required or performed."

In *Duncanson v. Lill, supra,* and *Swcesy v. Hoy,* 324 Ill. 319, our Supreme Court transferred to this court appeals involving beneficial interests under forms of trust agreements similar to that in the case at bar, holding that such beneficial interests were personal property and not real estate and that therefore no freehold could be involved.

In *Kerr v. Kotz,* 218 Ill. App. 654 (Abst.), in passing upon an identical form of trust agreement the court held that the interest of the beneficiary being personalty, a judgment against such beneficiary was not a lien upon the land which was the subject of the trust. It has frequently been held that where a trust accomplished an equitable conversion of land a judgment against a beneficiary of the proceeds of such conversion was not a lien on the land. (*Lash v. Lash,* 209 Ill. 595; *Moll v. Gardner,* 214 Ill. 248.) It follows that the interest of Shrader, the beneficiary of the land trust, being personal property, the statute of uses did not operate to reconvert or change the character of the estate of such beneficiary from personal property to real estate. That required an election or exercise of power by the beneficiary himself. The statute of uses does not operate upon personal property interests but only upon interests in real estate. (*Smith v. Smith,* 254 Ill. 488; *Lord v. Comstock,* 240 Ill. 492.)

Even though we assume that Shrader, the beneficiary, had the equitable title to the land, would the statute of uses execute the trust? The statute would not operate because the trustee has active duties to perform under the trust agreement sufficient to remove the trust from the class which the statute of uses executes. Although it is repeatedly asserted in appellant's brief that the trust under consideration is one that is dry and passive because the trustee has no duties to perform, it is expressly covenanted in the trust agreement that the trustee will at the written

direction of Shrader "make deeds for, or otherwise deal with the title to said real estate" and that "if any property remains in this trust twenty years from this date it shall be sold at public sale by the trustee on reasonable notice, and the proceeds of the sale shall be divided among those who are entitled thereto under this trust agreement."

In *Crow v. Crow,* 348 Ill. 241, a husband and wife conveyed real estate to a trustee upon trust "to reconvey to us as joint tenants and not as tenants in common." The trustee made the reconveyance in joint tenancy in execution of his trust. After the death of the husband, his heirs disputed the wife's title as survivor, claiming that the statute of uses had operated instantaneously upon the delivery of the conveyance to the trustee to vest the husband and wife with the title as tenants in common, and that the subsequent conveyance by the trustee in accordance with the terms of the trust was ineffective. It was claimed further that the property was never surrendered to the trustee, that he did not take possession of it or have any control over it, that it was at all times under the full and exclusive control of the grantors and occupied by them and that the trust was, therefore, inactive. In denying these claims in that case the court said at p. 245:

"If the trust is created for some special purpose, as to convey the estate, it is a trust which the Statute of Uses will not execute. (*Silverman v. Kristufek,* 162 Ill. 222; *Masters v. Mayes,* 246 id. 506) . . . If active duties are imposed it does not matter that they are merely formal or ministerial. (*Gardner v. Baxter,* 293 Ill 547.) By the terms of the Crow deed Chamberlin (the trustee) was under the duty of executing a conveyance of a prescribed technical nature. The trust was manifestly created for that special purpose, and

it cannot be said that no active obligation was imposed.''

In *Masters v. Mayes,* 246 Ill. 506, real estate was conveyed to one Brengle, in trust for Ollie M. Coons, with power to Brengle, as such trustee, to convey the premises when so requested by the *cestui que trust.* In passing upon the conveyance to Brengle, the court said at p. 509:

''By the deed from Alvord . . . an express trust was created, and as, under the conditions of the trust, the fee could only be conveyed by Daniel D. Brengle, it was an active trust.''

In addition to its duty to ''make deeds for, or otherwise deal with the title to said real estate'' when so directed by the trustee, the trust agreement imposed the positive, active duty upon the trustee to sell any property remaining in the trust at the end of its prescribed term without the necessity of the beneficiary's direction to make such sale. Inasmuch as the trustee was expressly empowered and obligated under the terms of the trust instruments to perform the active duties shown and since Shrader's interest in the trust was personal property only, we are impelled to hold that the statute of uses did not operate to vest Shrader with the title to the real estate involved in the land trust and that no lien attached thereto by reason of appellant's judgment.

Other points have been urged and considered, but in the view we take of this cause further discussion is unnecessary.

For the reasons stated herein the judgment of the superior court is affirmed.

*Judgment affirmed.*

SCANLAN, P. J., and FRIEND, J., concur.