Liberty National Bank of Chicago, Trustee for Sophia Phillips and Michael M. Phillips, Appellee, v. Sigfried Kosterlitz, Appellant.

Gen. No. 43,709.

Opinion filed June 26, 1946. Released for publication August 19, 1946.

McInerney, Epstein & Arvey, of Chicago, for appellant; Louis M. Mantynband, Sidney R. Zatz and Melvin A. Garretson, all of Chicago, of counsel.

Phillips & Suekoff, of Chicago, for appellee; William S. Kaplan and Walter Gainer, both of Chicago, of counsel.

Mr. Presiding Justice Kiley delivered the opinion of the court.

This is a forcible detainer action commenced November 6, 1945, which resulted in a summary judgment, on plaintiff's motion, against defendant who has appealed.

Defendant Kosterlitz leased a third floor apartment in the building at 1301 Madison Park, Chicago, from Silverstein, the owner. The written lease expired April 30, 1945. Pursuant to notice from Silverstein, the tenancy thereafter was from month to month. August 2, 1945 Silverstein conveyed title thereto to the plaintiff as trustee for Sophia and Michael Phillips and their daughter Joanne, beneficiaries under the trust. August 29, 1945, plaintiff, by Sophia Phillips, Agent, served notice of termination of the tenancy as of November 1st. September 29, 1945, plaintiff, by S. P. Phillips, Agent, posted ''Notice to Quit.'' November 2, 1945, plaintiff, by Sophia Phillips, Agent, returned to defendant his check for $160 for the November rent. Defendant refused to surrender possession and this suit was begun.

Plaintiff brought suit under authority of an OPA certificate issued August 4, 1945, by virtue of Section 6 (b) (2) (i) OPA Rent Regulations. Those parts of Section 6 provided for the issuance of a certificate to the purchaser (or vendor), on his petition, authorizing proceedings by him under local law to evict a tenant of the vendor for occupancy by the purchaser where the latter has paid in the aggregate 20 percent or more of the purchase price. The OPA certificate issued to the Phillips, giving them authority ''to pursue his remedies for removal or eviction of the tenant . . . in accordance with requirements of local laws . . .'' The Phillips, however, did not bring this suit. The trustee did. It had no certificate authorizing it to sue.

Defendant argues that, while plaintiff has the right to sue under Illinois law in forcible detainer, it has no right under the OPA regulations to do so; whereas, the Phillips who have a certificate of authority to sue under the OPA regulations have no right to bring this action under "local law." Plaintiff says defendant waived his technical objection to any deficiency in the certificate by failing to object before the OPA; that his contention is wrong, but if right, he is not harmed; and that the suit was properly brought under "local law" by the trustee for the benefit of the Phillips to whom the certificate issued.

Defendant rests his contention as to the lack of right in the Phillips to maintain this action on the provisions of the trust agreement under which title to the property is held by plaintiff. Plaintiff says that defendant is a stranger to the trust and cannot avail himself of its provisions. The trust agreement provides that the beneficiaries, Phillips, have not and shall not "have any right, title or interest in or to any portion of said real estate as such, either legal or equitable, but only interest in the earnings, avails and proceeds as aforesaid." The agreement also provides that any beneficial interest shall consist solely of a power to direct the trustee to deal with the title and to manage and control the property and the right to receive proceeds from rentals, which right shall be deemed to be personal property. It further provides that the trustee shall deal with the property only on written authority of Michael Phillips and that the beneficiaries in their own right shall have the management of the property, the control of renting, etc. and shall collect and handle rents, etc. with no duty on the part of the trustee with respect to those powers, except on written directions. The interest of the Phillips under the trust agreement was personal property only and not real estate. *Chicago Title & Trust Co. v. Mercantile Bank*, 300 Ill. App. 329. They could not, therefore, be lessors of any part

of it. This fact is not altered by the provisions empowering them to manage the property, control the renting, receive the proceeds from rentals and to handle rents.

In view of the provision of this agreement, the Phillips did not succeed Silverstein as defendant's landlord. They have no right, therefore, as against defendant to possession of the apartment. They were not entitled to bring this action. They could not, accordingly, bring it in plaintiff's name.

Under the terms of the trust agreement we believe that plaintiff succeeded Silverstein as defendant's landlord. This conclusion is consistent with the construction which the parties themselves placed upon the agreement. We refer to the notices and to the letter returning defendant's check for the November rent, all of which were signed in plaintiff's name by Sophia, or S. P., Phillips, as agent. The affidavit of the manager of the building is in the record. It states that he has managed the premises for several years; that plaintiff took title to the property from Silverstein; and that he continued to manage the property "for the new owners." We infer what payments of rent defendant made were made to this affiant.

Plaintiff having the right under "local law" to sue defendant for possession, had no authority from the OPA to do so. The certificate to the Phillips as purchasers gave them no greater right to sue under "local law" than they had and, of course, gave plaintiff no right to proceed under the OPA regulation. We do not consider this a technicality which defendant waived by failing to object before the OPA. There is nothing in the record to show that he had an opportunity to do so. We think defendant's contention is substantial. Plaintiff to maintain this action must have had, under the circumstances here, a Certificate Relating to Eviction from the OPA and a right to evict under Illinois law. Since plaintiff had no such certificate, it

had no right to bring this action. This conclusion may seem harsh to the Phillips who are beneficial owners of the property. They are charged with notice of the OPA regulations. They chose to have the property conveyed to the plaintiff under the terms of the trust agreement which they executed. What disadvantage they had suffered was brought about by themselves.

We see no need to pass upon the other points.

Plaintiff was not entitled to the summary judgment as a matter of law. The judgment is, therefore, reversed and the cause is remanded with directions to enter judgment for defendant.

*Judgment reversed and cause remanded with directions.*

LEWE and BURKE, JJ., concur.