(No. 39363.—

*In re* Estate of Peters.—(First National Bank and Trust Company of Rockford, Admr., Appellant, *vs.* Robert E. Peters *et al.,* Appellees.)

*Opinion filed May 23, 1966.*

Haye & Keegan, of Rockford, (Frederick H. Haye, of counsel,) for appellant.

Maynard & Maynard, of Rockford, for appellees.

Mr. Justice Hershey delivered the opinion of the court:

This case involves the extent of jurisdiction of the former probate court in a citation proceeding under sections 183, 184 and 185 of the Probate Act. (Ill. Rev. Stat., 1963,

chap. 3, pars. 183-185.) Plaintiff bank, as administrator of the estate of George F. Peters, deceased, filed a citation proceeding in the probate court of Winnebago County to discover assets, naming as defendants decedent's three brothers who had been partners with decedent in a business partnership. Pursuant to petition of the administrator, the court entered an order declaring that the administrator was the owner of all interests of decedent in a certain trust and that such interests were not subject to or controlled by partnership agreements which had been entered into by decedent and his three brothers. The Appellate Court, Second District, reversed and remanded with directions to dismiss plaintiff's petition for want of jurisdiction. We granted leave to appeal.

Decedent, George F. Peters, and the respondents, his three brothers, Ray, Robert and Vernon, were engaged in the business as partners under the name, Peters Bros. On July 17, 1952, they conveyed certain realty in trust to Illinois National Bank and Trust Co. of Rockford as trustee under trust No. 1643, in which each was declared to be a one-fourth beneficial interest owner. The trust instrument provided that the interest of any beneficiary was deemed personal property, and in case of a death would pass to his executor or administrator and not to his heirs-at-law.

About six years later, in 1958, the four brothers entered into a written partnership agreement, stating therein that the business partnership began in 1946. This agreement provided for an annual valuation of the partnership assets and that upon death of a partner the surviving partners had a right to purchase the interest of the deceased partner based upon such value. It further provided that the real estate owned by the partners was the separate property of the partners and recited the conveyance to the bank of the partners' real estate subject to the trust agreement. On the same date as the partnership agreement, the four brothers amended trust No. 1643 by adding another parcel of real

estate. Also on the same date by separate instrument they further amended the trust agreement by a provision adding the partnership agreement as being "a part of and subject to the operation of the trust."

Later the four brother partners, with another brother, Clifford Peters, entered into another written trust agreement under trust No. 1787 with the same bank as to a 240-acre farm, each party having a one-fifth beneficial interest.

On April 13, 1962, the four partner brothers, including decedent, executed two instruments purporting to set the value of the partnership personal property, excluding realty, at $30,000, and the value of all realty under trust No. 1643 at $20,000. The same day all five executed an instrument setting the value of the realty under trust No. 1787 at $30,000.

After appointment of the bank as administrator of the estate of George F. Peters, the three surviving partner brothers sent a letter to the bank administrator with a check for $231.27 as three months' payments for purchase of the decedent's interests based upon the payment in 240 installments, as one fifth of the farm value, one fourth of the value of real estate and buildings and of all other partnership assets. It appears the land was of a greater value than the values set in the instruments executed by the parties.

Plaintiff's petition in the probate court sought to require the three surviving brother partners to recognize the interests of the administrator under the provisions of the trust agreement and to turn over to plaintiff said interests. Over objections of defendants, the court entered the following order: "Now, therefore, it is ordered and declared that First National Bank and Trust Company of Rockford, admistrator of the estate of George F. Peters, deceased, be, and it hereby is, the owner of all right, title and interest in said trusts which George F. Peters had at the time of his death, and that said right, title and interest is not subject to or controlled by said partnership agreement."

Appellant bank contends the real property under trust No. 1643 was personal property subject to citation proceedings in the probate court and that a dismissal for want of jurisdiction as directed by the appellate court is impractical under the judicial amendment effective January 1, 1964, whether the action is treated as a citation proceeding or a proceeding to construe trust agreements. Appellees contend that the probate court was without jurisdiction to enter the order, as it is a declaratory judgment which that court had no jurisdiction to enter; that the court had no equitable jurisdiction to construe the trust agreement; and that in any event the determination is against the manifest weight of the evidence in that the rights of decedent in the trust were subject to the terms of the partnership agreement.

We have consistently through many prior decisions held that the interest of a beneficiary in a naked title land trust of real property is personal property. (*Chicago Federal Savings and Loan Ass'n* v. *Cacciatore,* 25 Ill.2d 535; *Seno* v. *Franke,* 20 Ill.2d 70; see also *Chicago Title & Trust Co.* v. *Mercantile Trust & Savings Bank,* 300 Ill. App. 329; *Liberty Nat. Bank of Chicago* v. *Kosterlitz,* 329 Ill. App. 244.) It is true that despite the provisions of the trust agreements, as well as the partnership agreements here in this cause, the partners in 1962 did purport to value not only the partnership assets, but also the real estate. After the death of George Peters, the surviving partners attempted to purchase the interests of the decedent based upon such valuations. The citation proceeding and the supplementary petition sought to force recognition of decedent's interest in the personal property under these agreements.

Prior to January 1, 1964, section 20 of article VI of the constitution of 1870 provided that probate courts "shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, * * *". However, under section 185 of the Probate Act (Ill. Rev. Stat. 1963, chap. 3, par. 185,) the probate court upon a citation pro-

ceeding "may determine all questions of title, claims of adverse title, and the right of property, and may enter such orders and judgment as the case requires."

The terms "probate matters" and "settlement of estates of deceased persons" are used by the constitution of 1870 in a broad and general sense. *In re Estate of Trapani,* 21 Ill. App. 2d 19.

The probate court was not empowered to exercise general chancery jurisdiction. It did have jurisdiction, however, to determine the right of petitioner to the personal property of decedent. It could properly determine the title and right of property and enter such order as the case required. This is all that it did by its order.

The determination of the probate court was that the partnership agreement specifically provided that the real estate was the separate property of the partners and subject to the terms of the trust agreement. Under the trust agreement the interest of a beneficiary was personalty which passed to the administrator. There was no agreement for valuation of the real estate. Further, since Clifford Peters was not a partner and therefore not subject to the partnership agreement, his interests could not be affected by the partnership agreement. Hence, neither could it affect the interests of the other beneficiaries in the trust real estate. The administrator is entitled to a one-fourth beneficial interest in the real estate in trust No. 1643 and a one-fifth interest in the real estate in trust No. 1787. These determinations were, in our opinion, correct.

The judgment of the appellate court must be reversed and that of the probate court is affirmed.

*Appellate Court reversed; probate court affirmed.*