*In re* ESTATE OF MARIE SWANSON, Deceased (The People of the State of Illinois, Plaintiff-Appellant, *v.* Dorothy Leigh, Ex'r of the Estate of Marie Swanson, Defendant-Appellee).

Third District    No. 3—83—0612

Opinion filed May 24, 1984.

Neil F. Hartigan, Attorney General, of Springfield (Edward C. Hurley, Assistant Attorney General, of counsel), for the People.

Dawn A. Conolly, of Lucas, Brown & McDonald, of Galesburg, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

Marie E. Swanson died on April 18, 1981, a resident of the State of Florida. Among her assets was an undivided one-third beneficial interest in an Illinois land trust. The single issue raised by this appeal is whether the decedent's interest was property subject to the Illinois inheritance tax. Ill. Rev. Stat. 1981, ch. 120, par. 375 *et seq.* (repealed).

On October 29, 1966, a trust was created wherein the Bank of Galesburg, Galesburg, Illinois, was the trustee. The trust estate consisted of real estate located within Knox County, Illinois. According to the trust agreement, the decedent possessed the right to manage the real estate, including the selling, renting and handling of the estate along with the responsibility to collect and handle her share of the rents, earnings, avails and proceeds of the estate.

At the decedent's death, her interest in the land trust was appraised at $135,970. On the inheritance tax return filed February 28, 1982, the decedent's executor, Dorothy Leigh, did not include as property subject to the tax the fair market value of the decedent's interest in the land trust.

On May 19, 1982, the Illinois Attorney General filed objections to

the inheritance tax return in the circuit court of Knox County. The objection urged the circuit court to order the inclusion of the decedent's interest in the land trust among the taxable assets. In an opinion dated April 21, 1983, the circuit court of Knox County ruled in favor of the executor, determining that the beneficial interest in the land trust was exempt from Illinois inheritance tax because it was intangible personal property of a nonresident decedent. This appeal ensued.

The Illinois Inheritance and Transfer Tax Law imposes a duty on transfers of any real or personal property:

> "When the transfer is by will or intestate laws of property within the State, or having a taxable situs in this State and not subject to inheritance, succession or estate tax in the state of the decedent's residence, and the decedent was a non-resident of the State at the time of his death." (Ill. Rev. Stat. 1981, ch. 120, par. 375(2).)

It is the Attorney General's position that the beneficial interest owned by the decedent at the time of her death was real property with a taxable *situs* in the State of Illinois and therefore the property was subject to the inheritance tax. On the contrary, the executor asserts that the decedent's interest was intangible personal property with a taxable *situs* in the State of the decedent's domicile, Florida, and therefore not subject to the tax. Alternatively, the executor asserts that the decedent's interest was intangible personal property of a Florida decedent exempt from Illinois inheritance tax under the reciprocal provisions of that act. Ill. Rev. Stat. 1981, ch. 120, par. 375(6).

In support of her position the executor cites numerous cases which hold that the beneficial interest in an Illinois land trust is personal property, not real property. (*Duncanson v. Lill* (1926), 322 Ill. 528, 153 N.E. 618; *In re Estate of Peters* (1966), 34 Ill. 2d 536, 217 N.E.2d 3; *Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 236 N.E.2d 425; *Sterling Savings & Loan Association v. Schultz* (1966), 71 Ill. App. 2d 94, 218 N.E.2d 53; *Liberty National Bank v. Kosterlitz* (1946), 329 Ill. App. 244, 67 N.E.2d 876; *Chicago Title & Trust Co. v. Mercantile Trust & Savings Bank* (1939), 300 Ill. App. 329, 20 N.E.2d 992; *Seno v. Franke* (1960), 20 Ill. 2d 70, 169 N.E.2d 335.) Indeed, our supreme court, having addressed this issue on numerous previous occasions, in exasperation noted:

> "We have consistently through many prior decisions held that the interest of a beneficiary in a naked title land trust of real property is personal property." (*In re Estate of Peters* (1966), 34 Ill. 2d 536, 539, 217 N.E.2d 3, 5.)

Despite this apparently overwhelming authority to the contrary, the Attorney General urges us to find that for the purposes of inheritance taxation, the beneficial interest in the land trust owned by the decedent was not personal property, but rather real property. In maintaining this position the Attorney General relies almost exclusively on the decision in *People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 389 N.E.2d 540.

The case cited by the Attorney General involved an action brought to recover unpaid real estate taxes on land held in land trust. According to section 27a of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 508a), personal liability for real estate taxes was imposed on the owner of the real estate. The action in the cited case was an attempt to hold the trustee, as holder of the legal and equitable title, personally liable for unpaid real estate taxes. In considering that question, the supreme court concerned itself with "the realities of ownership" and determined that the trustee, in reality, was not the owner. Instead, the court concluded that the beneficiaries of the trust, who had the usufruct, control and occupation of the land, were in reality the owners. In determining the nature of the interest owned by the beneficiaries, however, the court did not retreat from its earlier pronouncements. It said:

> "In a land trust the legal and equitable title lies with the trustee and the beneficiary retains what is referred to as a personal property interest." *People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 488, 389 N.E.2d 540, 543.

In the instant case, ownership is not at issue. The usufruct, control and occupation of the *res* is not in question. It is clear from the positions of both the Attorney General and the executor that the decedent was the owner of the beneficiary interest in the Illinois land trust. It is the nature of that ownership interest, whether real or personal, which provides the point of dispute. If the beneficial interest is real property, it is given one tax treatment. If the ownership interest is personal property, it is given another tax treatment. We believe it is clear from the very precise language utilized by the supreme court in *People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 389 N.E.2d 540) that the decision was intended as no departure from the prior rule which establishes such a beneficial interest as intangible personal property.

The Attorney General also cites his own manual, which was revised in 1980 in apparent response to the *Chicago Title & Trust Co.* decision, in support of its position. That manual states in pertinent part:

"Illinois real property held under an Illinois Land Trust or other Real Estate Trust which declares that the interest of the beneficiary thereunder is personal property only shall be considered real property and not personal property for Illinois Inheritance Tax purposes in the estate of a resident or non-resident decedent, and is therefore taxable in Illinois." Illinois Inheritance Tax Manual 20 (1980).

According to the Illinois Inheritance and Transfer Tax Law, the Attorney General does have authority over the general supervision of the assessment and collection of the tax. (Ill. Rev. Stat. 1981, ch. 120, par. 385.) This authority has been relied upon by the Attorney General as a basis for issuing binding administrative rules interpreting the Act. However, all such rule-making authority is limited by the underlying statute, and rules promulgated under that authority cannot extend or contravene the statute. (*People v. Kueper* (1969), 111 Ill. App. 2d 42, 249 N.E.2d 335.) Where, as here, the administrative rule extends the legislative language beyond its well-established definition, the rule represents an invalid exercise of the Attorney General's authority.

■■■ Another well-established rule of law provides that the taxable *situs* of intangible personal property is the domicile of the decedent. (*People v. Forman* (1926), 322 Ill. 223, 153 N.E. 376; *In re Estate of McCalmont* (1958), 16 Ill. App. 2d 246, 148 N.E.2d 23.) The decedent here died domiciled in the State of Florida. Therefore, her intangible personal property, including the beneficial interest in the land trust, had its taxable *situs* in the State of Florida. The Illinois Inheritance and Transfer Tax Law provides:

"The tax imposed by this Act in respect of personal property of non-residents (other than tangible personal property having an actual situs in this State) shall not be payable *** (2) if the laws of the state or territory of residence of the transferor at the time of his death contained a reciprocal provision under which non-residents were exempted from transfer taxes or death taxes of every character in respect of personal property (other than tangible personal property having an actual situs therein) provided the state or territory of residence of such non-residents allowed a similar exemption to residents of the state or territory of residence of such transferor." (Ill. Rev. Stat. 1981, ch. 120, par. 375(6).)

The State of Florida has adopted such a reciprocal provision. (Fla. Stat. Ann., ch. 198, sec. 198.44 (1971).) Therefore, the beneficial interest of the decedent was not taxable by the State of Illinois for inheri-

tance tax purposes.

Accordingly, we believe the decision of the circuit court of Knox County was correct. That decision is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.